SUPREME LODGE OF PATHFINDER et al. v. JOHNSON. (No. 1271.)

(Court of Civil Appeals of Texas. Texarkana. June 11, 1914.)

1. INSURANCE (§ 817*) — FRATERNAL INSURANCE—ACTIONS—BURDEN OF PROOF.

A beneficiary suing on a fraternal benefit certificate has the burden of proving that the certificate subject to forfeiture for nonpayment of dues was in force at the time of the death of the member.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1999–2002; Dec. Dig. § 817.*]

2. INSURANCE (§ 819*) — FRATERNAL INSURANCE—DEATH OF MEMBER—EVIDENCE—FINDINGS.

Where a wife designated as beneficiary in a fraternal benefit certificate paid the premiums up to June 1, 1906, and showed that her husband had not been heard of since the fall of 1902, and that at the time he left home in 1901 he was in ill health, and so continued until the fall of 1902, when last seen or heard of, a finding that the member died at some time after September 7, 1902, and before December 31, 1905, was authorized.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 2006, 2007; Dec. Dig. § 819.*]

3. LIMITATION OF ACTIONS (§ 25*)—FRATERNAL INSURANCE—LIMITATIONS APPLICABLE.

An action on a fraternal benefit certificate brought in 1914, while the court found that the member died after September 7, 1902, and before December 31, 1905, is barred by the four-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 113, 118–131; Dec. Dig. § 25.*]

Appeal from District Court, Bowie County; W. T. Armistead, Judge.

Action by Emma Johnson against the Supreme Lodge of the Pathfinder and another. From a judgment for plaintiff, defendants appeal. Reversed, and rendered for appellants.

On December 31, 1900, the Supreme Lodge of the Pathfinder, a fraternal beneficiary association, issued to Charles L. Johnson, who was a member of the order, a benefit certificate in the sum of $2,000. The certificate designated Mrs. Emma Johnson, the wife of insured, as the beneficiary, and provided that the sum stated was to be payable to her "upon satisfactory proof of death of said member." The insured was required to pay dues in the sum of $3 monthly in advance, and, failing in this, stood suspended and the benefit certificate forfeited. It is admitted that the certificate was valid and in force by payment of dues until January 1, 1906, and that from and after that date the certificate had lapsed and had been canceled by the Supreme Lodge; and, further, it was shown by proof, under proper pleading, that the former judgment of the court held the certificate here sued on canceled. See Supreme Lodge v. Emma Johnson, 47 Tex. Civ. App. 109, 104 S. W. 508. It appears that the insured and his wife lived at the date of the issuance of the certificate in Texarkana, Ark., and that their relations were pleasant. Some time in 1901 insured left Texarkana in search of work. At the time he left home the insured was in bad health in the nature of a general physical breakdown. During his absence he kept up correspondence with his wife, and in his letters he would speak of his bad health. By letter from Orange, of date September 7, 1902, Johnson informed his wife to the effect that he was sick, and that the

condition of his health was bad, and that as soon as he was physically able to do so he would leave for Shreveport, and asked her to come to Shreveport to see him. The wife replied to this letter but never received any more letters from him. It appears that in a very short time—exact date not given—after the date of this letter a Mr. Beamer saw Johnson in Shreveport. Since the day that Mr. Beamer saw Johnson in Shreveport the insured has not been seen or heard of, though his wife made immediate, continued, and very extensive, but unavailing, efforts to find or locate him. Claiming that her husband was dead and that he died in 1902 or 1903, the appellee brought suit on the policy to recover the amount of the benefit. Proof of death was made by appellee on March 20, 1911, and received by appellants on March 27, 1911. The suit was filed April 21, 1911. The appellants plead, as material to be stated, the statute of four years' limitation and the forfeiture of the certificate by reason of nonpayment of dues. There was a trial to the court without a jury, and judgment was entered for the plaintiff. The court made the specific finding of fact, besides the other facts stated above, that the insured died before December 31, 1905, and while the certificate was valid and in force.

Smelser & Vaughan, of Texarkana, for appellants. Chas. S. Todd, of Texarkana, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] It is contended by appellants, under proper assignments, that under the issues and proof in this case there should have been no recovery by appellee. As to whether the defense that the certificate of insurance was forfeited for nonpayment of dues at the time of the death of the insured can be sustained must depend upon the time it should be said from the evidence that the insured died. The burden of proof was upon the appellee, in order to recover on the certificate, to show the time at which the insured died and that at the time of his death the certificate was in force under its terms. It was an admitted fact that the certificate was canceled January 1, 1906, for nonpayment of premiums. The wife had paid the premiums from 1902 to the date mentioned, but not afterwards. It appears conclusively from the evidence that the insured has not been heard of since the fall of 1902. As tending to show, though, that the insured was dead, and the time of death, the appellee proved that at the time he left home in 1901 he was in ill health, and continued that way until the fall of 1902, when he was last seen or heard of. And the court drew the inference from the insured's general ill condition of health that he "died at some time after September 7, 1902, and before December 31, 1905." If we must accept as controlling the

legal presumption of the death of the insured at the expiration of the seven years from the time he was last heard of, and declare the rights of the parties upon the basis of his death in the year 1909, it would necessarily follow, in view of the further fact that the certificate was forfeited in 1906, that appellee has failed to show a legal right to recover on the certificate. But, in view of the court's finding that death, in fact, occurred before December 31, 1905, and assuming, as we must, that such finding was correct, it would be entirely variant with such ascertained fact to indulge any presumption of death at the end of seven years. The appellee insists that the court was authorized to make this finding, as a subject of distinct proof, from the special circumstances in evidence. By following the fact found by the court, the insured died while the certificate was in force.

[3] Second, as to the defense of limitation interposed by appellants: Taking, as we must, the finding of the court that, in point of fact, the insured died at a time before December 31, 1905, it is believed that the conclusion is inevitable that the bar of the statute of limitations of four years is complete. The suit on this certificate was filed April 21, 1914. The certificate by its terms was payable "upon satisfactory proof of death of said member." The liability of the insurance company to the beneficiary therefore rested only on reasonable proof that the insured was dead. As the loss or amount of the certificate was payable on the fact of the death of the insured being sufficiently established, the suit might first have been brought to enforce payment when the insured died; and, as the action might first have been brought to enforce liability when the insured died, the time within which a suit must be brought legally began to run from that time. Limitation here would be computed, not from 1909, as the end of seven years' absence, but from the time of death in point of fact found by the court, which was before December 31, 1905. Davie v. Briggs, 97 U. S. 628, 24 L. Ed. 1086.

The judgment is reversed, and here rendered for appellants, with costs of the trial court and of this appeal.