EQUITABLE LIFE ASSUR. SOC. *v.* BRAME.

[73 South. 812, Division A.]

1. INSURANCE. *Recovery on policy. Interest.*

In a suit on a life policy, providing for payment "on receipt of satisfactory proofs of death of the assured," where assured disappeared and proofs were not made until seven years thereafter, and shortly before the bringing of the suit on the policy, the insurer was not liable for interest on the amount of the policy before the commencement of the suit, although it was shown that assured died on the date of his dissappearance.

2. INSURANCE. *Payment of premiums. Recovery. Interest.*

Where insured in a life insurance policy disappeared and his beneficiary continued to pay premiums on such policy until the expiration of seven years from his disappearance, she could recover premiums so paid and interest thereon from the dates of payment respectively, if it was found that he died on the date of his disappearance.

APPEAL from the circuit court of Hinds County.

HON. W. H. POTTER, Judge.

Suit by Mrs. Sue S. Brame against the Equitable Life Insurance Society. From a judgment for plaintiff, defendant appeals.

The facts upon which this case was tried are set out in the case of *New York Life Insurance Co.* v. *Brame* (No. 18576), decided same date, and reported in 73 So. 806.

The instruction referred to in the opinion is as follows:

"(1) The court instructs the jury for the plaintiff that, if they believe from the evidence that Lex Brame, Jr., the assured, died on August 8, 1907, then the jury will find for the plaintiff for the face of the policies, with six per cent. interest thereon from August 8, 1907, and also for all the premiums paid since that date with six per cent. interest thereon from the respective dates on which the same were paid, and the form of the jury's

verdict would be: 'We the jury, find for the plaintiff in the sum of four thousand six hundred thirty-eight dollars and seventy-five cents.' "

*Mayes, Wells, May & Sanders,* for appellant.

*Geo. B. Power* and *L. Brame,* for appellee.

SYKES, J., delivered the opinion of the court.

The opinion this day delivered in the case of *New York Life Insurance Co.* v. *Mrs. Sue S. Brame,* 73 So. 806, is also decisive of this case.

The first instruction given for the plaintiff was erroneous in this respect: The policies here sued on contain the clause as follows:

"On receipt of satisfactory proofs of the death of the said assured, provided this policy is then in force, agrees to pay," etc.

The company was not required to pay this money until a reasonable time after it had received satisfactory proof of death. The proofs were not attempted to be made satisfactory to the company until a short time before this suit was filed on January 16, 1915. The plaintiff was therefore not entitled to recover interest on the amount named in the policy before January 16, 1915. She was entitled to recover interest on the premiums paid by her from the date of their payment.

The judgment of the lower court will be set aside, and judgment entered here in favor of appellee in accordance with this opinion.

*Affirmed.*