## SOVEREIGN CAMP, W. O. W., v. BODEN.
(No. 365.)

(Court of Civil Appeals of Texas. Waco. May 20, 1926. Rehearing Denied July 1, 1926.)

**1. Insurance ⚖️807—Benefit certificate held to make presentation of proof of death condition precedent to suit thereon unless waived.**

Provisions that no right should accrue under benefit certificate until proof was made of member's death, and that no legal proceedings to recover thereunder should be brought within ninety days after receipt of such proof, impliedly made presentation of proof of death, unless waived, a condition precedent to suit on certificate.

**2. Contracts ⚖️176(10).**

Reasonable time for action is ordinarily fact question, depending on nature of action, considered in light of all attending circumstances.

**3. Insurance ⚖️789(1)—Beneficiary has reasonable time after period of absence giving rise to presumption of death to file proofs of death, where certificate fixes no time (Rev. St. art. 5541).**

Where proof of death is based on insured's unexplained disappearance and failure to communicate with his family and friends, and certificate fixes no particular time for filing proof, beneficiary has reasonable time after seven-year period giving rise to conclusive presumption of death under Rev. St. 1925, art. 5541.

**4. Insurance ⚖️819(4).**

Evidence, insufficient in itself to prove fact and time of insured's death, may be sufficient to fix time, when death within definite period is conclusively established.

**5. Insurance ⚖️753(1).**

Payment of dues during seven years' unexplained absence giving rise to presumption of member's death *held* unnecessary to keep benefit certificate alive.

**6. Insurance ⚖️726—Provision of certificate that absence or disappearance is not sufficient evidence of death must be construed against insurer.**

Provision of benefit certificate that insured's absence or disappearance shall not be sufficient evidence of death must be construed against insurer and in favor of beneficiary, so far as language reasonably permits.

**7. Insurance ⚖️819(2)—Inference that beneficiary was induced by provision of certificate to delay presenting proofs of death until after period of absence giving rise to presumption of death held warranted.**

Evidence *held* to warrant inference that beneficiary was induced by provision of certificate that insured's absence or disappearance should not be sufficient evidence of death to delay presenting proofs of death until after statutory period giving rise to presumption of death.

**8. Insurance ⚖️789(2)—Fraternal order, issuing certificate providing that absence or disappearance shall not be sufficient evidence of death, cannot assert laches in not presenting proof of death within period giving rise to presumption thereof.**

Fraternal order issuing benefit certificate providing that insured's absence or disappearance shall not be sufficient evidence of death cannot assert beneficiary's laches or forfeiture of any right by failure to present proof of death until after seven-year period giving rise to presumption of death.

**9. Limitation of actions ⚖️46(5)—Statute held to run only after ninety days from presentation of proof of death following absence for period giving rise to presumption of death, in view of certificate provisions.**

Under benefit certificate providing that insured's absence or disappearance shall not be sufficient evidence of death, and that no legal proceeding thereunder shall be brought within ninety days after receipt of proof of death, four-year statute ran, not from insured's death, but only after ninety days from presentation of such proof following insured's absence for period giving rise to presumption of death.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by Mary Boden against the Sovereign Camp, Woodmen of the World. Judgment for plaintiff, and defendant appeals. Affirmed.

De E. Bradshaw, of Omaha, Neb., H. W. Pitkin, of Sioux City, Iowa, Burney Braly, of Fort Worth, and Locke & Locke and J. A. Wickes, all of Dallas, for appellant.

Power, Estes & Kelly, N. A. Dodge, and Jno. W. Baskin, all of Fort Worth, for appellee.

GALLAGHER, C. J. This is an appeal from the judgment of the district court awarding a recovery in favor of appellee, Mary Boden, against appellant, Sovereign Camp, Woodmen of the World, on a benefit certificate on the life of Thomas Boden, in which appellee was named as beneficiary. Thomas Boden disappeared on the 24th day of June, 1915. He and appellee were husband and wife. They had lived together ·continuously since their marriage several years be-

fore. They had no children. He was a kind and affectionate husband. He was employed as a clerk and earned satisfactory wages. He was prominent in his church and was clerk of the local camp Woodmen. He was not in any financial difficulty. He left his accounts with church and camp in perfect order. There was no misunderstanding between him and appellee or trouble of any kind for him so far as she knew. He left on the morning of his disappearance at the time he usually left to go to work, and was never seen nor heard of any more. He did not say anything about an absence, and took no extra apparel with him. His absence was advertised in appellant's official magazine without response. All assessments and dues owed by him were paid to and including the month of July, 1915. No further payments having been made, under the rules of the order, he stood suspended on September 1, 1915. On August 7, 1922, seven full years having elapsed since the disappearance of Boden, appellee applied to appellant for blanks on which to make proof of his death under the statutory presumption arising from his continued absence for such length of time. Appellant denied liability, on the ground that its by-laws provided that no recovery could be had on account of Boden's disappearance until the expiration of his life expectancy, and on the further ground that assessments and dues had not been paid continuously since the date of his disappearance. Thereupon appellee filed this suit to recover on said certificate. She alleged the disappearance of Boden, his absence for seven years, and the resulting presumption of death, and alleged that said death in fact occurred prior to September 1, 1915, the date he would have been suspended from the order if then living. A copy of said certificate was attached to and made a part of her petition. Appellant answered and denied specially that Boden was dead, and alleged that, if living, he was duly suspended for nonpayment of assessments and dues on September 1, 1915. Appellant also pleaded that appellee's cause of action, if any, arose more than four years before the commencement of the suit, and invoked the bar of the statute of limitation of four years.

The case was tried before a jury. The only issue submitted for determination was whether the death of Boden occurred prior to September 1, 1915. The jury answered said issue in the affirmative, and judgment was rendered in favor of appellee for the sum of $1,150. The amount of the judgment is not questioned.

### Opinion.

[1] The only issue presented by appellant as ground for reversal is based upon its plea of limitation. It contends in this connection that limitation began to run from the death of Thomas Boden, which the jury found occurred prior to September 1, 1915, or, in the alternative, that limitation began to run upon the expiration of a reasonable time after his death for the preparation and presentation of proofs of death, and that, this suit having been instituted more than seven years after such death, it was barred by limitation upon each of said theories. Said certificate contained, among other provisions, the following:

"The absence or disappearance of the member from his last known place of residence for any length of time shall not be sufficient evidence of the death of such member and no right shall accrue under his certificate of membership to a beneficiary or beneficiaries, nor shall any benefits be paid until proof has been made of the death of the member while in good standing. No legal proceedings for recovery under this certificate shall be brought within ninety days after receipt of proof of death by the Sovereign Clerk. * * *"

[2] Said provisions, by necessary implication, made the presentation of proofs of death (unless waived) a condition precedent to bringing suit on said certificate, and the right to bring suit did not accrue thereunder until after the expiration of ninety days from such presentation or until such proofs were waived. The time allowed for presentation of proofs of death was not fixed by law nor by the terms of the contract. It is conceded by both parties that appellee had a reasonable time to present such proofs. What constitutes a reasonable time for taking action in a particular matter is ordinarily a question of fact, and depends on the nature of the action to be taken, considered in the light of all the attending circumstances. Reasonable time is an extremely flexible term and of widely varied application. It is defined in 33 Cyc. pp. 1567, 1568, in part as follows:

"A reasonable time, looking at all the circumstances of the case; a reasonable time under ordinary circumstances; * * * such length of time as may fairly and properly and reasonably be allowed or required, having regard to the nature of the act or duty and to the attending circumstances; * * * that time which, as rational men, the parties to a contract ought to have understood each other to have in mind; that time which preserves to each party the rights and advantages he possesses, and protects each party from losses that he ought not to suffer; the time which persons of ordinary care and prudence take to do a certain thing."

Where the fact and time of death were established by direct proof, comparatively long delay in presenting proofs of death has been held not unreasonable in view of the particular circumstances under consideration. In the case of Metropolitan Life Insurance Co. v. People's Trust Co., 177 Ind. 578, 98 N. E. 513, 41 L. R. A. (N. S.) 285, a delay of more than two years was excused where none of the relatives of deceased were present at the time of his death and burial, and none of

them learned of the existence of the policy until a short time before such proofs were furnished. In McElroy v. John Hancock Mut. L. Ins. Co., 88 Md. 137, 41 A. 112, 71 Am. St. Rep. 400, a delay of a year and a half was excused on the ground that the existence of the policy was not known for such length of time. In Munz v. Standard Life & Accident Ins. Co., 26 Utah, 69, 72 P. 182, 62 L. R. A. 485, 99 Am. St. Rep. 830, a delay of nearly a year was excused where the only surviving relative of the deceased did not learn of his death for several months, and did not obtain possession of the policy until a little more than sixty days before such proofs were filed. See, in this connection, Kentzler v. American Mutual Accident Ass'n, 88 Wis. 589, 60 N. W. 1002, 43 Am. St. Rep. 934; Trippe v. Provident Fund Soc., 140 N. Y. 23, 35 N. E. 316, 22 L. R. A. 432, 37 Am. St. Rep. 529; Woodmen's Accident Ass'n v. Pratt, 62 Neb. 673, 87 N. W. 546, 55 L. R. A. 291, 89 Am. St. Rep. 777.

[3] The certificate sued on in this case expressly provided that absence or disappearance should not be sufficient evidence of death. Regardless of the validity of this provision, had it been interposed by appellant to prevent a recovery on the certificate, it was a potent circumstance in determining whether appellee unreasonably delayed offering to submit proof of death. When such offer was made appellant cited this provision as a basis for denial of liability and for refusing to furnish blanks for such proof, and, in addition thereto, claimed that Boden was suspended for nonpayment of dues and assessments. We quote from its letter refusing to furnish the blanks applied for as follows:

"Under these circumstances, no blanks for proof of death can be furnished, and it is obvious that no proof of actual death can be made."

Appellant on the trial expressly denied that Boden was dead. Clearly, no proof which appellee could have furnished would have been accepted by appellant either before or after the period of seven years had elapsed. The fact that the proof of death relied on is based primarily on the unexplained disappearance of the insured and his failure to communicate with his family and friends under circumstances rendering such failure, if he continued alive, inconsistent and highly unreasonable, differentiates this class of cases from the ordinary. No one, we dare say, would be willing to act on a presumption of death immediately after the disappearance, especially the insured's loved ones, who are generally beneficiaries in such certificates. They are naturally reluctant to believe the worst, and are inclined to hope for tidings and return when all others have abandoned any such expectation. Each passing year therefore adds cumulative force to the prob-

ability of death, until such probability becomes after the lapse of seven years, a conclusive presumption under article 5541 of our Revised Statutes 1925. The great weight of authority holds that the beneficiary in such cases is not in default in deferring submitting proofs of death and making demand for payment of the certificate or policy until the seven-year period is complete. The rule in such cases is thus stated in 5 Joyce on Insurance, p. 5480, § 3280, subd. (b):

"*The beneficiary* of a certificate of one who disappears and is not again heard from *has a reasonable time after the expiration of the statutory period necessary for a presumption of death to arise in which to file proofs of death*, where the certificate requires proof of death as a prerequisite to the bringing of an action, but fixes no particular time within which proofs must be filed, at least so where death can be established only by aid of the presumption arising from the expiration of such period; and therefore such proofs need not necessarily be furnished within the statutory limitation from the time of death, as no cause of action accrues until proof of death can be made." (Italics author's.)

While the above quotation deals with the matter of presenting proofs of death as a prerequisite to starting the running of limitation, it is also broadly stated that limitation in such cases does not begin to run until the statutory period is complete. We quote from 37 C. J. p. 600, as follows:

"Where insured's death arises by presumption from absence, a suit commenced within the stipulated period after the date when the presumption of death arose is in time."

The following cases support the rule announced in the texts above quoted: Supreme Lodge, K. of P., v. Wilson (Tex. Civ. App.) 204 S. W. 891, 895, par. 5; Sovereign Camp, W. O. W., v. Piper (Tex. Civ. App.) 222 S. W. 649, 652; Supreme Ruling of Fraternal Mystic Circle v. Hoskins (Tex. Civ. App.) 171 S. W. 812; Benjamin v. District Grand Lodge, 171 Cal. 260, 152 P. 731, 732, 733; Haines v. Modern Woodmen of America, 189 Iowa, 651, 178 N. W. 1010; Behlmer v. Grand Lodge, 109 Minn. 305, 123 N. W. 1071, 26 L. R. A. (N. S.) 305; New York Life Ins. Co. v. Brame, 112 Miss. 828, 73 So. 806, 809, 810, L. R. A. 1918B, 86; O'Hara v. Metropolitan L. Ins. Co., 73 Pa. Super. Ct. 434; Warner v. Modern Woodmen, 124 Wash. 252, 214 P. 161, 34 A. L. R. 87.

[4] The primary fact to be established in such cases is that the insured is dead. This is conclusively established only by the lapse of the statutory period of time. The time of such death is a subsidiary matter, to be determined, if it may be, from the evidence as a whole in the light of the established fact of death. When the death of the insured within a definite period is conclusively established, evidence may be deemed sufficient

to fix time thereof, though it might be considered insufficient to prove in itself both the fact and time of death. Benjamin v. District Grand Lodge, 171 Cal. 260, 152 P. 731, 734, par. 3; Supreme Lodge, K. of P., v. Wilson, supra; Sovereign Camp, W. O. W., v. Piper, supra; Behlmer v. Grand Lodge, supra; New York Life Ins. Co. v. Brame, supra; Butler v. Supreme Court, I. O. F., 53 Wash. 118, 101 P. 481, 26 L. R. A. (N. S.) 293.

[5] We do not consider the question of whether the beneficiary paid dues during the seven-year period of suspense and uncertainty concerning the fate of the member of controlling importance. To speak of keeping alive a certificate of membership held by a man who is dead involves on its face a contradiction of terms. Ordinarily dues and assessments are paid by the member and not by the beneficiary. If the order, with notice of the disappearance of the member, should accept dues and assessments from the beneficiary, it would doubtless be estopped to claim that the member was suspended for nonpayment. If the member, however, in fact died at a particular time, to require continued payment of dues and assessments would impose a burden not provided by the terms of the certificate. Aside from estoppel, such payment would not affect the issue of limitation. The Supreme Court of Mississippi, in the case of Equitable Life Assur. Soc. v. Brame, 112 Miss. 859, 73 So. 812, held that, where the insured disappeared, and his beneficiary continued paying premiums on his life policy until the expiration of seven years from his disappearance, she could recover premiums so paid and the interest thereon from dates of payments, respectively, if it was found that he died on the date of his disappearance.

[6-8] The certificate in this case, as above shown, expressly stipulated that absence or disappearance should not be sufficient evidence of death. This provision must of course be construed against the order and in favor of appellee so far as the language used will reasonably permit. That such provision is not available to the order to defeat recovery of the benefit promised in the certificate upon proof of death of the member based upon his disappearance and absence for the statutory period has been held in the cases cited above. Notwithstanding this, we think the presence of said provision in said certificate was reasonably calculated to invite delay and to lead appellee to believe that it was necessary to postpone proofs of death and claim for payment at least until the statutory period was complete. It is evident appellee so understood it. Within six weeks after the completion of the statutory period, appellee applied for blanks for proof of death and claimed the amount promised by the certificate. She based her claim on the conclusive presumption of death declared by the statute. The evidence is sufficient to support an inference that appellee was induced by said provision to delay presenting proofs and making demand. Such being the case, appellant should not be heard to say that she was guilty of any laches or forfeited any right by doing so.

[9] This case is distinguishable from the case of Supreme Lodge of Pathfinder v. Johnson (Tex. Civ. App.) 168 S. W. 1010, cited and relied on by appellant, in at least two particulars. In that case the certificate was by its terms payable upon satisfactory proof of the death of the member; that is, immediately on demand, accompanied by proofs. In this case the right to sue did not accrue until after the expiration of ninety days from the presentation of proofs of death. Limitation as such could not in this case begin to run from the death of Boden, but could begin to run only after the expiration of ninety days from the required action. Neither the reasonable time, under all the circumstances of the case, allowed by law for presenting proofs of death, nor the ninety days after such presentation during which the filing of suit was inhibited by the terms of the certificate, could run concurrently with the full four years allowed by the statute after the right to sue accrued in which to institute suit to recover on said certificate. In that case it does not appear that there was any provision in the certificate denying the sufficiency of proofs of death based on disappearance and absence. Neither does it appear that the order in fact denied the efficacy of such facts to establish the death of a certificate holder. In this case, not only does the provision hereinbefore quoted appear in the certificate, but the settled policy of appellant to claim that proofs so predicated were premature is made to appear with reasonable certainty. We do not think that said case constitutes a precedent controlling the disposition of the case we have here under consideration.

The judgment of the trial court is affirmed.

Associate Justice BARCUS did not participate in the consideration and disposition of this case.