**AMERICAN NAT. LIFE INS. CO. v. HICKS.**
**(No. 1853.)**

Court of Civil Appeals of Texas. Beaumont.
June 25, 1929.

Rehearing Denied July 17, 1929.

Kennerly, Williams, Lee, Hill & Sears, of Houston, for appellant.

Holland & Cousins, of Beaumont, for appellee.

O'QUINN, J. Appellee brought this suit against appellant to recover on two insurance policies, each for the sum of $1,000, claimed to be due her as beneficiary, issued by appellant on the life of her husband, Archie Hicks, one on February 17, 1919, and the other on September 2, 1920. These policies provided that they should be payable to the beneficiary immediately upon receipt of due proof of death of the insured.

Appellee alleged that her husband, said Archie Hicks, disappeared from his home on July 6, 1921, under circumstances indicating his death at said time, since which time he had never been heard from by her or any other person, and that he had been absent and not heard from for a period of more than seven years. Appellee further alleged that said policies were in force at the time of the disappearance and death of her said husband; that shortly after the disappearance of her said husband she made known to appellant all the facts as to his disappearance by affi-davits in an effort to make due proof of his death, as required by the terms of said policies, but that appellant refused to accept said proof and claimed such proof was not made in full requirement of the terms of said policies, and that she had not made proof entitling her to receive payment of same; that, after the expiration of seven years from the date of the disappearance of her said husband, she again attempted to make proof of his death by applying to appellant for blanks upon which to make proper proof of death, when appellant waived the making of such proof and expressly denied any liability to appellee under said policies. She prayed for judgment for the amount of the said policies, and 12 per cent. thereon as penalty and a reasonable attorney's fee, which she alleged to be $1,500.

Appellant answered by general demurrer and general denial, and specially denied:

(a) That the insured was dead, but that he was still living.

(b) That the premiums on neither of said policies had been paid in accordance with the terms of same, but that same had lapsed and were forfeited for nonpayment of premiums, and that neither of said policies was in effect at the time of the filing of the suit, or at the alleged time of insured's death. Appellant also pleaded the two and four year statutes of limitation against appellee's asserted cause of action, and other defenses not necessary to mention.

The case was tried to the court without a jury, and judgment rendered for appellee in the sum of $1,370, being for the amount of the second policy, $1,000, and $120 as damages or penalty, and $250 attorney's fees. Motion for a new trial was overruled, and the case is before us on appeal.

At the request of appellant, the court filed his findings of fact and conclusions of law. They are:

"Findings of Fact.

"Archie Hicks died on the 6th day of July, 1921.

"Prior to his death said Archie Hicks had purchased and paid for Policy No. 72122, in the amount of One Thousand Dollars, issued by the American National Insurance Company, on the said Archie Hicks, for the benefit of Mrs. Hattie Hicks, the plaintiff in this suit, and all premiums and charges due by the said Archie Hicks on said policy of insurance up to and including July 6th, 1921, had been paid on or before the date due.

"After the death of said Archie Hicks, Mrs. Hattie Hicks, beneficiary in said policy, and plaintiff in this suit, within due time, gave proper notice of the death of said Archie Hicks, and furnished proof of his death to said American National Insurance Company, and made demand on said Company for payment of said policy, which demand was by

said Company ignored and payment thereof refused.

"This suit was instituted on the 18th day of August, 1928, which date was more than seven years after the death of said Archie Hicks.

"Two Hundred Fifty Dollars is a reasonable attorney's fee for the institution and prosecution of this suit to conclusion.

#### "Conclusions of Law.

"The Statute of Limitation did not begin to run against plaintiff's cause of action on this policy until seven years after July 6th, 1921, and said cause of action was not barred when this suit was filed.

"The American National Insurance Company is legally obligated to the plaintiff, Mrs. Hattie Hicks, for One Thousand Dollars, the face of said policy, One Hundred Twenty Dollars damages for delay, and Two Hundred Fifty Dollars Attorney's fees, with six per cent. interest thereon from the date of Judgment."

It was admitted that shortly after her husband's disappearance appellee did make known to appellant all of the known facts concerning her husband's disappearance and furnished appellant with affidavits relative thereto, which appellant refused to accept as proof of death, and refused to make payment of the policy. It was also agreed that $250 was a reasonable attorney's fee. The first policy, dated February 17, 1919, had lapsed for nonpayment of premiums at the date of insured's disappearance, July 6, 1921. The second policy, dated September 2, 1921, was in full force and effect at said date.

The undisputed evidence shows that Archie Hicks, husband of appellee, on July 6, 1921, was living with his wife and one child in the city of Orange, Tex. He was about 38 years old, and had been married to appellee some nine years. The family relations were happy. He was an attentive affectionate husband, and a kind father. He provided reasonably for the comfort and happiness of his family. On that date he left his home ostensibly to go to see another party in town. He never returned, and has never been heard from. In tracing him, it was found that he went across the Sabine river to a place at the old shipyard (not then in operation) on the Louisiana side where gambling was in progress, and there engaged in gambling with cards. He was sociable, well liked, and had no bad habits other than he would occasionally drink some and gamble. It did not appear that he ever overindulged in drink. He had no known enemies. A witness, who also lived in Orange and who was present at the gambling place that night, testified that when he left Hicks was engaged with several others in gambling with cards and seemed to be winning—"had a good deal of money in front of him, around $150.00 to $180.00 in poker chips." The gambling place was known as Bill Millard's place, and was frequented by some pretty bad characters. Hicks has never been heard of since.

■ This is a typical disappearance case. The only question for our determination is, When did limitation begin to run? The court found that the insured was dead, and that he died July 6, 1921, the date of his disappearance. The appellant insists that limitation began to run against appellee's cause of action on that date, and therefore the bar was complete long before the institution of this suit on August 18, 1928. Appellee contends that as actual proof of death could not be made either by positive facts or cogent circumstances prior to the lapse of seven years from the date of disappearance, when, under the statute, article 5541, R. S. 1925, the missing person is by law presumed to be dead, limitation did not begin to run until the expiration of the seven years, July 6, 1928. As to whether or not the presumption of death arising from seven years' absence unheard from raises any presumption as to the precise date of death, there is an irreconcilable conflict of authority. This conflict appears in the decisions of our own courts. See Pathfinder v. Johnson (Tex. Civ. App.) 168 S. W. 1010; W. O. W. v. Robinson (Tex. Civ. App.) 187 S. W. 215; K. of P. v. Wilson (Tex. Civ. App.) 204 S. W. 891; W. O. W. v. Piper (Tex. Civ. App.) 222 S. W. 649; W. O. W. v. Boden (Tex. Civ. App.) 286 S. W. 330. However, that conflict is now settled in Texas by our Supreme Court in the case of W. O. W. v. Boden, 117 Tex. 229, 1 S. W.(2d) 256. In that case it is held that no cause of action accrues until proof of death can be made, and that, when suit is filed on a policy for the insured's death established by presumption from unexplained absence, where commenced within the limitation period after the date when presumption of death arose, it is timely. It is there said: "The rule of law, as clearly established by the overwhelming weight of authority, is that no cause of action accrues until proof of death can be made, and that, where the fact of death of the insured person is established by presumptions arising from his unexplained absence, a suit commenced within the stipulated limitation period after the date when the presumption of his death arose, is in time."

It is there further held: "The fact of death, after an absence of seven years, is fixed by statute; but the time of death must be determined by the jury. In this case, the jury determined that Boden died prior to September 1, 1915, to which date his insurance was in full force and effect. Limitation would not have begun to run upon this cause of action until seven years after Boden's disappearance, unless plaintiff had chosen to furnish proof prior to that time, whatever proof she had, and to demand payment of the policy, and thus voluntarily assume the risk involved in attempting to establish by presumption, independent of the statute, that Boden

was then dead. Until such proof was made and delivered to the society, her cause of action did not accrue under the policy. The terms of the policy did not fix any period of time within which she must have presented such proof of Boden's death as was available. Until she did prepare and present such proof, she could not have maintained a suit, and hence limitation did not begin to run until she did present such proof, unless she had delayed presenting same the full seven years. As she did not prepare and present such proof until after the expiration of seven years from the time of Boden's disappearance, limitation did not begin to run on her cause of action until the end of that seven-year period. The plaintiff below was not legally required to present her proof of her husband's disappearance and death until the expiration of such period of seven years. * * * But the law places a limit at that period. Then she must have acted or lost her legal rights by limitation four years later. She has acted within the required time, by presenting proof of Boden's death, and, when refused payment of the policy, has filed this suit within the limitation period after her cause of action accrued. Thus she has lost none of her legal rights, and, as stated, limitation began to run against her cause of action seven years after Boden's disappearance, and not at the date of Boden's death, as determined by the jury."

Appellant insists that this last-quoted holding of the Supreme Court sustains its contention that appellee's cause of action was barred by the four-year statute of limitation because shortly after her husband disappeared appellee made known to appellant all the facts concerning his disappearance by affidavits showing such facts, thus attempting to make "due proof" of his death, and demanded payment of the policy, which appellant refused, wherefore limitation began to run at said time, which was more than four years prior to the institution of this suit. We overrule this contention. The statute, article 5541, R. S. 1925, was intended to supply the lack of proof of death in just such cases as this. Of course, where there are facts or circumstances attending the disappearance of a person sufficient to show death with reasonable certainty, then such facts and circumstances may be shown at the time to prove death, but where, as in the instant case, there are no facts or circumstances which would reasonably and satisfactorily show that the absent person was dead, then the only proof of death is by the presumption afforded by the statute, which can only be at the end of the seven year period. That appellee, shortly after her husband's disappearance, made known to appellant all the facts available to her as to her husband's disappearance, which appellant refused to accept as proof of death, did not take from her the legal right to await the expiration of the statutory period and then offer same as proof of death, her husband having never been heard from in all that time. It is evident that such facts as she had at the time she made same known to appellant relative to the disappearance of her husband were not proof of his death, and at no time during the seven years after his disappearance was she in possession of any fact that would have shown his death, hence she was compelled to await the expiration of the statutory period, or else defeat her right to recover by instituting legal proceedings when she could not make proof otherwise of the insured's death. We do not believe that the court, in the Boden Case, supra, held or intended to hold that, where a mere offer or attempt, outside of final legal proceedings, to show the circumstances of one's disappearance as proof of death, is made, same being insufficient to show death with any degree of certainty, and which was refused by the association, such act precluded the party from awaiting the time when the presumption afforded by the statute was available. It would be unreasonable and unjust and take from such party the right provided by law. While it is true that, in the instant case, appellee did, in a short time after her husband disappeared, being unable to account for his absence and believing that he was dead, offer to appellant such facts and circumstances as were known to her, as proof of his death, which appellant refused to accept, and she knowing, as she must have known, that the matters shown by her were not sufficient to satisfactorily show the death of her husband, she therefore had to abide the time of the ripening of the statute or institute legal proceedings without hope of recovery. The law makes no such demand upon one under such conditions, and appellee had the right to wait until under the law she could maintain her cause of action, for until she could do so her cause of action did not accrue. There are two rules of law that apply in disappearance cases in making proof of death. One where the facts and circumstances attending the disappearance are such that due and satisfactory proof of death can be made by them independent of the statute affording legal presumption of death, in which case limitation will begin to run from the time such independent proof can be made, for the cause of action had then accrued. The other where, as in the instant case, the facts and circumstances attending the disappearance are such that due and satisfactory proof of death cannot be made by them, in which case expiration of the statutory period must be awaited and limitation will not begin to run until the expiration of said period of time, because not until then can legal proof of death be made, and until that can be done the cause of action does not accrue. The judgment should be affirmed, and it is so ordered.

Affirmed.