Sovereign Camp, Woodmen of the World v. Mary Boden.

No. 4781.   Decided December 16, 1927.
(1 S. W., 2d Series, 256).

*De E. Bradshaw, H. W. Pitkin, Burney, Braly, Locke & Locke,*
and *J. A. Wickers,* for plaintiff in error.

Where a person disappears from his place of residence under
circumstances which justify a finding by the court or jury that he
died on or about the date of his disappearance, and where the bene-

ficiary named in a policy of insurance or benefit certificate issued upon the life of such person in an action upon such policy or benefit certificate against the insurer alleges, and the court or jury finds, that the person absenting himself died at or shortly after the date of his disappearance, the statute of limitations commences to run against such action from the date upon which the insured is found to have died or, at the latest, upon the expiration of a reasonable time after such date for preparing and presenting proofs of death, and the running of the statute is not deferred until the expiration of seven years after the date of such disappearance, so that an action instituted upon such a policy or benefit certificate by the beneficiary almost nine years after the date on which the insured is alleged and found to have died is barred by the four-year statute of limitations. Kauz v. Great Council, Imperial Order of Red Men, 13 Mo. App., 341; Harrison v. Masonic Mutual Benefit Society, 59 Kan., ¡29, 51 Pac., 893; Warner v. Modern Woodmen of America, 124 Wash., 252, 214 Pac., 161; Spratley v. Mutual Benefit Life Ins. Co., 11 Bush (Ky.), 443; Shearlock v. Mutual Life Ins. Co. of New York, 193 Mo. App., 430, 182 S. W., 89; Cooley, Briefs on the Law of Insurance, Vol. 4, pp. 3963–3964; Joyce on Insurance (2d Ed.), Vol. 5, 3186; 37 C. J., 598.

Where the plaintiff's right of action depends upon some act to be performed by him preliminary to commencing suit, and such act rests entirely with the plaintiff, he can not suspend the running of the statute of limitations by delaying the performance of the preliminary act, and if the time for the performance of such preliminary act is not definitely fixed only a reasonable time will be allowed therefor. Clements v. Lee, 8 Texas, 373; Smith v. Wise County, 187 S. W., 705; Gamble v. Martin, 60 Texas Civ. App., 517, 129 S. W., 386; Butler v. Fechner, 200 S. W., 1126; 17 R. C. L., p. 756, par. 121.

The reasonable time within which the preliminary act upon which plaintiff's right of action depends must be performed never exceeds the statutory period of limitation prescribed for bringing the particular kind of action. Clements v. Lee, 8 Texas, 373; Smith v. Wise County, 187 S. W., 705; Codman v. Rogers, 10 Pick. (Mass.), 112; Palmer v. Palmer, 36 Mich., 487; Meherin v. San Francisco Produce Exchange, 117 Cal., 215, 48 Pac., 1074; Pittsburgh R. R. Co. v. Byers, 32 Pa., 22; State v. Norton, 59 Minn., 424, 61 N. W., 458; Harrison v. Masonic Mutual Benefit Society, 59 Kan., 29, 51 Pac., 893; Kraft v. Thomas, 123 Ind., 513, 24 N. E., 346; 37 C. J., 953–954.

The following authorities are in point upon the proposition that where the policy of insurance does not prescribe the time within which proof of loss must be furnished, such proof of loss must be furnished within a reasonable time after the date of the loss. Metropolitan Life Ins. Co. v. Frankel, 58 Ind. App., 115, 103 N. E., 501, Transfer to Supreme Court denied in 104 N. E., 856; Niagara Fire Ins. Co. v. Scammon, 100 Ill., 644; Springfield Fire & Marine Ins. Co. v. Brown, 128 Pa., 392, 18 Atl., 396; Carpenter v. German American Ins. Co., 4 N. Y., 925, 17 N. Y. Supp., 603; Palmer v. Loyal Mystic Legion of America, 86 Neb., 596, 126 N. W., 285; Jackson v. Life & Annuity Assn. (Mo. App.), 195 S. W., 535.

*Power, Estes & Kelly, M. A. Dodge* and *John W. Baskin,* for defendant in error.

This suit was filed less than two years after the expiration of the seven years' disappearance of the insured, and is therefore not barred by the statute of limitations.

Under the terms of the conditions of the policy, that "the absence or disappearance of the member from his last known place of residence for any length of time, shall not be sufficient evidence of the death of such member, and no right shall accrue under his certificate of membership to any beneficiary or beneficiaries, nor shall any benefit be paid until proof has been made of the death of the insured while in good standing," the beneficiary could not make satisfactory proof of death until the expiration of the seven-year period of absence, and that under this and the succeeding clause reading "No legal proceeding for recovery under this certificate shall be brought within ninety days after receipt of proof of death by the Sovereign Clerk," the cause of action did not accrue until ninety days after the defendant refused to furnish blanks upon which to furnish proof of death, August 11, 1922, and as the suit was filed within less than two years after such date, the case was not barred by the statute of limitation when filed. Behlmer v. Grand Lodge, A. O. U. W., 190 Minn., 305, 26 L. R. A. (N. S.), 305, 123 N. W., 1071; Bonslett v. N. Y. Life Ins. Co., 190 S. W., 870; 37 Corpus Juris, 600; 37 Corpus Juris, 955; Joyce on Insurance, Sec. 3280 (b); N. Y. Life Ins. Co. v. Brame, 112 Miss., 828, 73 So., 806, L. R. A., 1918b, 86; Rev. Stats., Art. 1984a; Supreme Lodge, Knights of Pythias, v. Wilson, 204 S. W., 891; Sovereign Camp, Woodmen of the World, v. Piper, 222 S. W., 649.

Mr. Chief Justice EAGLE delivered the opinion of the court.

This suit was instituted in the District Court of Tarrant County, Texas, by Mary Boden, wife of Thomas Boden, against the Woodmen of the World, a fraternal beneficiary society, upon a policy of life insurance issued by that society upon the life of said Thomas Boden.

It was tried in the District Court, resulting in a verdict and judgment for the plaintiff.

It was appealed to the Court of Civil Appeals, where such judgment was affirmed.

This court has granted a writ of error to the Court of Civil Appeals because it appeared that there is conflict between the decisions of different Courts of Civil Appeals in Texas upon the point of substantive law raised and involved in this case, and hence it was thought well to bring the issue to the Supreme Court for hearing and final determination, not only of the just rights of litigants in the instant case; but also in the interest of uniformity of decision and for the future guidance of all such interested parties.

As the case reaches this court, there is but a single issue to be determined, namely, whether limitation had run upon the cause of action before suit was filed thereon. Upon substantially similar states of fact, different Courts of Civil Appeals in Texas have held differently from each other upon the question of law involved. Pathfinder v. Johnson, 168 S. W., 1010; Woodmen of W. v. Robinson, 187 S. W., 215; Knights of P. v. Wilson, 204 S. W., 891; Woodmen of W. v. Piper, 222 S. W., 649; Woodmen of W. v. Boden, 286 S. W., 330.

The relevant facts of this case are as follows: Thomas and Mary Boden were married and were living together happily, at Fort Worth, Texas. On the 30th day of December, 1908, Thomas Boden, being then a member in good standing, paid for and secured a beneficiary certificate in the Sovereign Camp of the Woodmen of the World, its benefits to accrue to his wife, Mary Boden, in the event of his death. He disappeared from his home and place of occupation on the 24th day of June, 1915. He and his wife had lived happily together for several years. He was a kind and considerate husband. He provided well for his household. He was and long had been steadily employed as a clerk and earned satisfactory income. He was clerk of his camp of Woodmen. He was a prominent member of a church. He had no financial difficulties. It is shown that, when he disappeared, he left his accounts with both church and camp

in perfect order. He was a man of sound character and good habits. He was happy and contented. There is no evidence why he should or would have disappeared of his own accord. He has never since been seen or heard of or from by his family, or relatives or friends, or by anyone else so far as the record discloses. He completely and mysteriously disappeared, with no known motive. Although diligent search and inquiry for him have been prosecuted, including advertisements in the society's official organ, no trace of him has ever been found since he left his home on the morning of June 24, 1915, as usual, to go to his daily work.

It was shown and admitted that he had paid all sums due to keep the insurance certificate alive to September 1, 1915. But, failing to make payment of dues on September 1, 1915, the society suspended Boden for non-payment of dues maturing on that date. He had disappeared more than two months before.

Upon the trial of the case the court submitted, as a special issue, whether Boden died prior to September 1, 1915, and the jury answered that issue in the affirmative—that is to say, the jury found that he died while the certificate of insurance was still in effect.

The legal position assumed in this case by the Society is that limitation began to run at the time of his death, if he is dead, and that the jury having found, as a question of fact, that Boden died prior to September 1, 1915, the cause of action was barred by the four years' statute of limitations long prior to the filing of this suit on June 4, 1924; while the legal position assumed by the plaintiff below is that, as no proof of Boden's death could possibly be made independently of legal presumptions growing out of unexplained absence and particularly of Art. 5541 of the statutes that provides "Any person absenting himself for seven years successively shall be presumed to be dead, unless proof be made that he was alive within that time," etc., it follows that the statute of limitations did not begin to run until seven years had passed after his disappearance, in which case the suit was filed in due time. Thus the issue arises and is presented for determination. The only question before us is whether the cause of action was barred when this suit was filed; and that depends upon the question whether the cause of action accrued at the date of Boden's death as determined by the jury, as the Society contends, or seven years after his disappearance, as the plaintiff contends.

This kind of a case may properly be called a "disappearance case." A person leaves his home and family to go about his usual daily

calling, and is never again heard of. No actual, positive and final proof is, or ever can be made that he is dead. It is not shown that he went into any place or position of peril, and it is affirmatively shown that, at the time of his disappearance, he was sound in mind, body and estate. Such occurrences have been very common, as shown by great numbers of adjudicated cases, throughout the course of judicial history; and, in effort to do justice, the law governing the fact and the time of the death of such class of persons has had extended interpretation and development by the courts of this and other countries, this and other States. It is a proper province of the law to interpret human relationship, and to modify, enlarge, and develop with the changing conditions of human affairs.

When no actual, positive proof of death, at or after such disappearance, can be adduced, are any presumptions to be indulged to supply such proof? Thus, the inquiry early arose in the development of the common law. And it was long ago established as a rule of the common law that a person who had been absent from his home or residence for a period of seven years, and who had not been heard of or from by his family, his relatives or friends during that period of time, would be presumed to be dead. In such instance, a suit brought within a reasonable time after the expiration of seven years from the time of such disappearance, in any case wherein such issue of his death may come in question, was held to be in time.

Later, it became an established rule that, where such absent person was known to have been afflicted with some fatal or serious malady at the time of his disappearance, or to have been or become exposed to some serious peril after his disappearance from his home or residence, the presumption of his death could thereby be established. In such case interested persons might institute proceedings, in any instance in which his death should become an issue, in a shorter period than seven years from the time of his disappearance, and, when supported by such conditions, have the question of fact submitted whether he was dead, and if the fact of his death were thus determined and established it would be upheld as final.

Later still, in the broadening interpretations given to human relationship by the courts of this country, other considerations than such fatal or serious malady at the time of such disappearance, or such peril encountered thereafter, were stated and established as justifying a finding of fact that the absent person had died: such, for instance, as his condition and situation in life at the time of his disappearance, his good character, his proper habits, his happy domes-

tic relations, his satisfactory financial status, circumstances attending his departure, and the like considerations making his abandonment of home and family improbable, and showing a want of all those motives which can be supposed to influence men to abandon home and family and never to return. In such case interested persons, wherever the issue of his death is legally to be determined and established, may sue either before the expiration of seven years from and after such disappearance and thus take whatever risk is involved in the finding and verdict of the jury upon the issue whether such person be dead, or may await the expiration of full seven years from and after such disappearance and then sue and thus have the benefit of the legal presumption of his death.

Finally, a statute was enacted in Texas, as the final step in the progress of settlement of a controverted matter, carried as Art. 5541 of the Revised Statutes of 1925, as follows: "Any person absenting himself for seven years successively shall be presumed to be dead, unless proof be made that he was alive within that period of time," etc.

The rule of law, as clearly established by the overwhelming weight of authority, is that no cause of action accrues until proof of death can be made; and that where the fact of death of the insured person is established by presumptions arising from his unexplained absence, a suit commenced within the stipulated limitation period after the date when the presumption of his death arose, is in time.

Our statute of limitations provides that suit under a written contract will be barred after four years from the time such cause of action shall have accrued.

Boden was acceptable to the Society as a member, and it insured his life, the benefits to accrue to his wife in the event of his death. It continued to accept his dues, for he had paid in full until more than two months after his mysterious and unexplained disappearance. The policy issued by the Society provided that:

"The absence or disappearance of the member from his last known place of residence for any length of time shall not be sufficient evidence of the death of such member, and no right shall accrue under this certificate of membership to a beneficiary or beneficiaries, nor shall any benefits be paid until proof has been made of the death of the member while in good standing;" and also that "No legal proceedings for recovery under this certificate shall be brought within ninety days after receipt of proof of death by the Sovereign

Clerk, and no suit shall be brought upon this certificate unless suit is commenced within one year from date of death."

It is clear that the Society can not be permitted to establish, either under the terms of its policies or otherwise, rules of evidence that apply in this State in contravention of our statutes, and hence that the above provision that absence or disappearance of the member for any length of time shall not be sufficient evidence of the death of such member, would not be enforceable in this State, where Art. 5541 of our statutes expressly provides otherwise; but it does reveal the attitude of the Society in this policy to defeat payment unless actual, positive proof of death is produced, to the acknowledged satisfaction of the Society. Indeed, if such proof of Boden's death 'as was available after he had disappeared had been presented within four years after such disappearance, clearly the Society could and would have said that same constituted no proof at all, either actual or by legal presumption; so that, when Boden's widow awaited the expiration of seven years after his disappearance before presenting her proof, in order to avail of the fact of death established by statute under such circumstances, the Society even then met the demand for payment with denial of death, and denial of liability, but stood upon the ground that limitation had run upon the cause of action. Thus, if the position or legal attitude of the Society in this case should prevail, rank injustice would follow. The plaintiff can not thus be denied her just legal rights; nor can the right for which the insured planned, worked and paid, to pass on to his beneficiary this blessing of insurance, be denied now when he is dead.

The fact of death, after an absence of seven years, is fixed by statute; but the time of death must be determined by the jury. In this case, the jury determined that Boden died prior to September 1, 1915, to which date his insurance was in full force and effect. Limitation would not have begun to run upon this cause of action until seven years after Boden's disappearance, unless plaintiff had chosen to furnish prior to that time whatever proof she had and to demand payment of the policy, and thus voluntarily to assume the risk involved in attempting to establish by presumptions independent of the statute that Boden was then dead. Until such proof was made and delivered to the Society, her cause of action did not accrue under the policy. The terms of the policy did not fix any period of time within which she must have presented such proof of Boden's death as was available. Until she did prepare and present such proof, she could not have maintained a suit, and hence limitation did not begin

to run until she did present such proof, unless she had delayed presenting same the full seven years. As she did not prepare and present such proof until after the expiration of seven years from the time of Boden's disappearance, limitation did not begin to run on her cause of action until the end of that seven years' period. The plaintiff below was not legally required to present her proof of her husband's disappearance and death until the expiration of such period of seven years. She had a perfect legal right to follow the natural impulse of the human heart to hope that her husband would return during all those seven years. But the law places a limit at that period. Then she must have acted or lost her legal rights by limitation four years later. She has acted within the required time, by presenting proof of Boden's death, and, when refused payment of the policy, has filed this suit within the limitation period after her cause of action accrued. Thus she has lost none of her legal rights, for, as stated, limitation began to run against her cause of action seven years after Boden's disappearance, and not at the date of Boden's death as determined by the jury.

From the foregoing it follows that we are of the opinion that the judgments of the District Court and the Court of Civil Appeals in this case should be affirmed; and it is here now so ordered.