## AMERICAN NAT. INS. CO. v. HICKS.
### No. 1205—5563.

Commission of Appeals of Texas, Section B.
Feb. 4, 1931.

-Frank S. Anderson, of Galveston, and Kennerly, Williams, Lee, Hill & Sears and W. H. Blades, all of Houston, for plaintiff in error.

George E. Holland, of Beaumont, for defendant in error.

SHORT, P. J.

The defendant in error, as the beneficiary, named in a policy issued by the plaintiff in error to her husband, Archie Hicks, for $1,-000, dated September 2, 1920, recovered a judgment against the plaintiff in error for $1,370, with 6 per cent. interest from the date of the judgment rendered in the district court of Orange county, upon a trial by the judge, without the intervention of a jury. Upon appeal to the Court of 'Civil Appeals at Beaumont, this judgment was affirmed. 19 S.W.(2d) 359.

The suit was instituted August 18, 1928, substantially eight years after the issuance of the policy of insurance to Archie Hicks. By the terms of the policy, the plaintiff in error agreed to pay to the defendant in error, the wife of the insured, immediately upon the receipt of due proof of the death of Archie Hicks, the sum of $1,000, provided the annual premiums on the policy were paid within thirty days after each became due. However, the first annual premium was paid when the policy was issued, which had the effect to keep the policy in force until twelve months thereafter.

Among other allegations, the petition of the defendant in error contained the following:

"That on July 6, 1921, Archie Hicks disappeared from his home and his whereabouts have not been known to this plaintiff or to any of his friends or relatives since that time, and that his disappearance was under conditions and circumstances indicating his death at that time, and since that time the said Archie Hicks has never been heard from by this plaintiff, or by any other person, and that he has been absent from his home and not heard from for a period of more than seven (7) years.

"That at the time of the disappearance of the said Archie Hicks he was residing with his family, consisting of this plaintiff and one child, a boy about nine years of age, at Orange, in Orange County, Texas, and he had been residing with his family at said place for a long period of time prior to his said disappearance.

"That soon after the disappearance of the said Archie Hicks, under circumstances indicating his death, this plaintiff made known all the facts to the defendant company, and furnished them with affidavits of his disappearance in an effort to furnish proofs required by the defendant under the terms of said policies of the death of the said Archie Hicks, but the defendant ignored said notices and proofs and claimed the same not made in full requirement of the terms of said policies, and that his death was not thereby properly shown entitling them to make payment of said policies.

"That after the disappearance and absence of the said Archie Hicks for a period of seven (7) years under the circumstances, this plaintiff again applied to the defendant company for blanks upon which to make proper proof of said facts and proof of his death, and the defendant company waived the making of said proofs and expressly denied in all respects any liability to this plaintiff under said insurance policies, making the further proof of death immaterial and unnecessary."

The answer of the plaintiff in error contained a general demurrer, a general denial, a special denial that Archie Hicks is dead, alleging him to be alive, and further special denial that the premiums due on said policy had been paid, in accordance with its terms, alleging that the policy had been lapsed and forfeited for nonpayment of premiums; and further that, if defendant in error ever had any cause of action, the same had accrued more than four years prior to the filing of the suit; and further specially denying that defendant in error had made the proper proof of death required by the policy and in the manner and time required; and further that the plaintiff in error's cause of action, if any, accrued on July 6, 1920, or immediately thereafter; and in this connection alleged that on March 21, 1923, the defendant in error filed a suit against the plaintiff in error, involving the same subject-matter which was, on April 26, 1926, dismissed for failure to comply with the court's order to file a cost bond or affidavit in lieu thereof, in which suit so brought the defendant in error had alleged that Archie Hicks was accidentally killed on July 6, 1921, whereby defendant in error was estopped to deny that her cause of action accrued on July 6, 1921, or immediately thereafter; and further alleged that on October 5, 1922, defendant in error had filed a suit against the Jefferson Standard Life Insurance Company involving a policy on the life of Archie Hicks, and in said suit had alleged that Archie

Hicks met with accidental death on July 6, 1921, which suit was tried about April, 1923, and resulted in a finding by the trial court that Archie Hicks died on July 6, 1921, which suit was appealed to the Court of Civil Appeals, which court did not disturb this finding of fact by the trial court, and that, upon application for writ of error to the Court of Civil Appeals, the same was dismissed, specially alleging that defendants in error contended in the suit last mentioned that said finding of the trial court was correct, by reason of which facts the plaintiff in error contended that the defendant in error's cause of action is barred by the statute of limitation of four years.

The trial judge filed findings of fact and conclusions of law, in which findings of fact he makes the statement that Archie Hicks died on the 6th day of July, 1921, making other findings of fact to the effect that all premium charges due by Archie Hicks on said policy of insurance, up to and including July 6, 1921, had been paid, and that the beneficiary had, within due time, given proper notice of the death of Archie Hicks, and furnished proof of his death to the plaintiff in error, and made demand on it for payment of said policy, which demand was refused. These findings of fact were adopted by the Court of Civil Appeals, in its opinion, among other facts, in addition to those found by the trial judge. The Court of Civil Appeals says: "The undisputed evidence shows that Archie Hicks, * * * on July 6, 1921, was living with his wife and one child in the city of Orange, Tex. He was about 38 years old, and had been married to appellee some nine years. The family relations were happy. * * * On that date he left his home ostensibly to go to see another party in town. He never returned, and has never been heard from. * * * He had no known enemies." The record also discloses that the defendant in error, immediately after the disappearance of her husband, instituted a search for him, and exhausted all reasonable efforts to find him, or hear of him, in vain.

The Supreme Court granted the application for the writ of error on the first assignment in the application, which questioned the correctness of the conclusion reached by the Court of Civil Appeals that the defendant in error's cause of action was not barred by the statute of limitation of four years when she instituted this suit. The plaintiff in error submits three propositions under this assignment, all of which are of the same import, and are to the effect that in a suit on a life insurance policy, where the insured died on the date of his disappearance, and the policy was payable immediately upon due proof of death, and the beneficiary submitted proofs of death and made demand for payment immediately after the death and disappearance, her cause of action accrued immediately after proof of death was submitted and her demand for payment had been refused.

Article 5541, R. S. 1925, in so far as it affects the question involved in this case, provides that: "Any person absenting himself for seven years successively shall be presumed to be dead, unless proof be made that he was alive within that time." Under the findings of fact by the Court of Civil Appeals, the death of Archie Hicks was established by the defendant in error in this suit, since there was no proof made that he was alive within seven years after July 6, 1921. The defendant in error also proved, without contradiction, that the twelve months after September 2, 1920, the policy introduced in evidence was in full force, by reason of the fact that Archie Hicks had paid said premium on the date when the policy was issued to him. The Court of Civil Appeals also found, and this finding is not challenged, that the defendant in error had furnished to the plaintiff in error, within due time, all the proofs she had that Archie Hicks was dead, which the plaintiff in error received, considered, and determined the same to be insufficient to prove that Archie Hicks was dead at the time this information was furnished, and that afterwards the plaintiff in error declined to furnish further blanks on which to furnish proof of death, on the ground that the policy had lapsed, and that defendant in error had no cause of action against it based on the policy.

The record further shows, without contradiction, that the defendant in error did file a suit against the plaintiff in error in the district court on March 21, 1923, which was dismissed on April 26, 1926, for failure to file the cost bond or an affidavit in lieu thereof, and also that on October 5, 1922, the defendant in error began a suit against another insurance company, based on a policy similar to the one involved here, in the district court of Orange county, in which the defendant in error alleged that Archie Hicks met with accidental death on July 6, 1921, and which suit was tried and resulted in the finding, by the trial court, that Archie Hicks died on July 6, 1921.

■ Statutes of limitation are remedial only. They in no manner partake of the nature of substantive law. They regulate only the method whereby such law is applied to the affairs of men. The term "limitation" has been defined to mean the time at the end of which no action at law or suit in equity can be maintained. 37 C. J. p. 684, par. 1. Statutes of limitation do not confer any right of action, but are enacted to restrict the period within which the right, otherwise unlimited, might be asserted." Riddlesbarger v. Hartford F. Ins. Co., 7 Wall. 386, 19 L. Ed. 257.

■■ According to the provisions of article 5541, the cause of action of the defendant

in error would only become barred, under the admitted facts in this case, after four years had expired from the expiration of the seven years mentioned in the statute, beginning July 6, 1921, if, in fact, the provisions of article 5541 are applicable to the facts in this case. It was certainly the duty of the defendant in error, within the time prescribed by the terms of the insurance policy, to furnish to the company due proof of the death of Archie Hicks, if, in fact, such proof was possible, by the use of reasonable means and due diligence. If such proof, by such means, could have been furnished, and the same was not done, then, according to the terms of the policy, the defendant in error would not have had any right to have even instituted a suit against the plaintiff in error, based on the policy, for the reason that the plaintiff in error had the right to be furnished with this proof, and thereafter to make payment in the amount due by the policy without the expense incident to a vain defense of an obligation against which there existed no defense. Upon the other hand, if the defendant in error could not possibly, by the use of reasonable means and due diligence, have procured the information necessary for her to have, in order to make due proof of the death of Archie Hicks, the law did not impose upon her, as a duty, the attempted doing of an impossible thing. According to the undisputed facts in this case, on this particular subject, until Archie Hicks had absented himself for seven years, successively, after July 6, 1921, the defendant in error, under the law, was without the means necessary for her to have in order to establish, as a fact, the death of Archie Hicks, and, being without such means, she could not, reasonably, have been expected to furnish the plaintiff in error with proof of the death of Archie Hicks, who was presumed to be alive until after the expiration of seven years from the date of his disappearance. Until the expiration of that date, under the undisputed facts bearing on this subject, the defendant in error did not have any cause of action which she could have maintained in the courts against the plaintiff in error, based on the insurance policy described in the petition. The right to maintain an action depends upon the existence of what is termed a cause of action, which involves the combination of a right on the part of the plaintiff and a violation of such right by defendant. 1 C. J. p. 951, par. 46. We hold that, under the undisputed facts in this case, upon the theory that the provision of article 5541 is applicable, the defendant in error did not have any cause of action which she could successfully maintain in the courts against the plaintiff in error until after seven years had elapsed from July 6, 1921. Therefore her cause of action was not barred by the statute of limitation of four years when this suit was filed.

The plaintiff in error presents another assignment of error to the effect that the Court of Civil Appeals erred in sustaining the finding of the trial court that the insured died on the *very day* of his disappearance (italics ours), and in support of this assignment presents this proposition: "Where the evidence, independent of the seven year presumption of death statute, is legally insufficient to prove the death of the insured, it is insufficient to prove that the exact day of his death was the day he disappeared."

The contention of the plaintiff in error on this subject, as stated in its motion for new trial, is to the effect that this finding of fact establishes, beyond dispute, that the policy had been forfeited for nonpayment of premiums, and was not in force at the death of Archie Hicks, since the cause of action, upon which the suit is based, did not accrue until seven years from the date of the death of the insured.

The petition of the defendant in error, a portion of which we have inserted in this opinion, states a cause of action, provided the proof was legally sufficient, among other things, to establish that Archie Hicks was dead when the suit was instituted, and further that, when Archie Hicks died, the insurance policy was in force. This insurance policy is dated September 2, 1920. On that date Archie Hicks paid, to the plaintiff in error, the first annual premium of $30.85, which expressly continued the policy in force for the year ending on the 21st day of August, 1921. According to the terms of the policy, after Archie Hicks had died, at any time after the payment of this premium and before the ending of the year on the 21st day of August, 1921, under the other facts of this case, in conjunction with this fact, the beneficiary named in the policy was entitled to demand and receive of the plaintiff in error the sum of $1,000. The cause of action, therefore, was proven by the defendant in error when she introduced sufficient legal testimony to the effect that Archie Hicks had died previous to the year ending August 21, 1921. The exact date of his death, provided it was prior to the ending of August 21, 1921, after the issuance of the policy, is not material. It might be conceded that the testimony is not legally sufficient to support a finding that Archie Hicks died on the *very day* of his disappearance, and yet, if the testimony is legally sufficient to support a finding, the necessary import of which is that he died previous to the ending of the year immediately succeeding the date of the payment of the initial annual premium, every essential element necessary to support the cause of action, stated in the petition on this subject, would be established. A reasonable construction of the language used by the trial judge, in view of the pleadings and the other testimony in the case, is

that he intended to find that the policy of insurance was in force at the time Archie Hicks died. The cause of action, established by the pleadings and the testimony, accrued and matured immediately upon the death of Archie Hicks, and, in the absence of pleading and proof that 'this cause of action had been barred under some provision of the law of limitation, it remained in existence indefinitely until satisfied by voluntary release of the obligation by some authorized person or by payment of the sum to the beneficiary mentioned in the policy. As we have seen, the statute of limitation did not begin to run until Archie Hicks had absented himself for seven years successively, during all of which time, after Archie Hicks died, within the year ending August 21, 1921, under the proof of facts in this case, the defendant in error had a cause of action against the plaintiff in error, based on the terms of the policy and the facts transpiring after the issuance of the policy.

The record further discloses, without serious dispute, that, while defendant in error had this cause of action, during these seven years, she was without the means of furnishing sufficient legal testimony to support it, until the fact had developed that Archie Hicks had absented himself for seven years successively. When this fact developed, the defendant, in error, for the first time, was in possession of sufficient legal evidence to support her cause of action. Aided by this potent fact, the other facts in the case became entitled to more weight with the trial judge, sitting as a jury, than they could possibly have been entitled to have been given, until the development by time of the fact that Archie Hicks had absented himself for seven years successively.

It was not only incumbent upon the defendant in error to establish to the satisfaction of the trial judge that Archie Hicks was dead, at the time the proof was offered, but it was also incumbent upon her to establish another fact, which was essential to any recovery by her, and this fact was that, at the time Archie Hicks died, the policy was in full force and effect, by reason of the premium having been previously paid. The defendant in error attempted to discharge this duty by proving that Archie Hicks had absented himself for seven years successively from July 6, 1921, together with the circumstances surrounding and following his disappearance, as well as the fact that the defendant in error, nor any one else known to her, had ever heard of or from Archie Hicks during these seven years.

The trial judge, considering these circumstances, was under the duty to find, as a fact, approximately the date on which Archie Hicks died. Had the trial judge concluded, from the testimony, that Archie Hicks had died on a date subsequent to the expiration of twelve months, after August 21, 1921, then, in that event, the defendant in error must have failed to establish one of the necessary elements in her cause of action, which was that Archie Hicks had died when the policy of insurance was in force.

We conclude that the trial judge was justified in finding that Archie Hicks died while the policy was in force, though we are also of the opinion, from the undisputed facts in this record, that, unaided by the developments of the case during the seven years when Archie Hicks had successively absented himself, there was lacking any information which the defendant in error could have obtained by the use of reasonable diligence sufficient to establish that Archie Hicks was dead, or that he had died while the policy was in force.

The *fact of death*, after an absence of seven years successively by a person, is fixed by the statute when the fact of absence is established, as was done in this case, but the *time of death* of such individual must be determined by the jury, or by the court in trying a case without the intervention of a jury. Sovereign Camp, W. O. W., v. Boden, 117 Tex. 229, 1 S.W.(2d) 256, 258, 61 A. L. R. 682.

According to the theory of the plaintiff in error, as presented in its first assignment of error, the provision of article 5541 does not apply in this case, and yet, according to its theory, presented in its second assignment, the provision of the statute does apply. It properly refused to admit that the defendant in error had furnished sufficient proof of her husband's death soon after his disappearance, although the record shows she furnished plaintiff in error with all the information which was available to her on that subject at the time. Having refused to pay the defendant in error anything on the policy, because she could not furnish sufficient legal proof of her husband's death at the time, it now says that she ought to have prosecuted a suit against it, within four years from the time her cause of action accrued, as it appeared to have accrued in the light of the facts proven when the case was tried, notwithstanding the record shows that, had she done so, the plaintiff in error would have successfully defeated such suit. Now, when the defendant in error adopts the view which the plaintiff in error had in the beginning, to the effect that sufficient legal proof of the death of Archie Hicks could not be made until seven years had expired after his disappearance, the plaintiff in error attempts to recant its statement made to the defendant in error when she attempted to furnish proof of her husband's disappearance, and says that, having waited until she could establish the fact of his death, under the law, she is barred from establishing another essential fact by her failure to sue when she could not have established the fact that her husband was dead. Whatever conclusion may have been reached

by courts in other jurisdictions, as well as by some of our Courts of Civil Appeals, indicating a contrary view, our conclusion is that the Supreme Court of Texas, in the light of the previous history of the principle of law, enunciated in article 5541, and the experience of men of affairs in every civilized age, should not permit a litigant, under the facts established in this case, to escape the payment of its just obligation by pursuing any such course. To do so would nullify that portion of article 5541 we have discussed.

We therefore recommend that the judgment of the Court of Civil Appeals, affirming that of the district court, be affirmed.

CURETON, P. J.

Judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.