**PURETEX LEMON JUICE, INC.,**
Appellant,

v.

**S. RIEKES & SONS OF DALLAS, INC.,**
Appellee.

No. 13817.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 18, 1961.

Rehearing Denied Nov. 15, 1961.

Matthews, Nowlin, Macfarlane & Barrett, F. W. Baker, Richard E. Goldsmith, San Antonio, Strickland, Wilkins, Hall & Mills, Mission, for appellant.

Carl Wright Johnson, Alfred Offer, William R. Simcock, San Antonio, for appellee.

POPE, Justice.

Plaintiff, Puretex Lemon Juice, Inc., sued S. Riekes & Sons of Dallas, Inc., for breach of an oral implied warranty of suitability with respect to some metal bottle caps. The trial court rendered a take-nothing judgment for the defendant on the grounds that plaintiff's pleadings affirmatively showed that the action was barred by the two-year limitation statute. We have only the pleadings and judgment before us. The procedure which led to the judgment is not in question. The only point preserved on appeal is whether the implied warranty was breached at the time of sale or at a later date.

Puretex Lemon Juice, Inc., alleged that it bought some metal bottle caps from S. Riekes & Sons on November 10, 1956. Puretex used the caps for bottling several thousand jugs of lemon and lime juice, and sold the product. About November 1, 1957, Puretex for the first time discovered, from its customers, that the bottle caps were rusting and that this deterioration had ruined the juice. Puretex alleged that Riekes & Sons knew the purpose for which the caps were to be used. Puretex also alleged that it could not have discovered the latent and inherent defects in the caps prior to the time they rusted and caused damages to plaintiff. See, Truslow & Fulle v. Diamond Bottling Corporation, 112 Conn. 181, 151 A. 492, 71 A.L.R. 1142.

The two-year limitation statute is applicable. Smith v. Fairbanks, Morse & Co., 101 Tex. 24, 102 S.W. 908. If the period of limitation began to run at the time of the sale on November 10, 1956, plaintiff's action was barred because it was filed on July 27, 1959. The statute itself states that limitation begins to run "after the cause of action shall have accrued." Art. 5526, Vernon's Ann.Tex.Stats. Courts have given the phrase a realistic instead of a theoretical or hypothetical meaning. City of San Antonio v. Talerico, 98 Tex. 151, 81 S.W. 518. It has been held that a cause of action does not exist until facts arise upon which one can assert a claim for relief in a court of competent jurisdiction. Linkenhoger v. American Fidelity & Casualty Co., 152 Tex. 534, 260 S.W.2d 884; Williams v. Pure Oil Co., 124 Tex. 341, 78 S.W.2d 929;

1 Am.Jur., Actions, § 60; 1 Tex.Jur.2d, Actions, § 41. This means that there must not only be a right to sue, but facts must exist upon which a person can sue. Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025; American Nat. Ins. Co. v. Hicks, Com.App., 35 S.W.2d 128, 131, 75 A.L.R. 623; Stanley v. Schwalby, 85 Tex. 348, 19 S.W. 264, 266; Condor Petroleum Co. v. Greene, Tex.Civ. App., 164 S.W.2d 713.

■ Puretex reasons that no facts existed upon which it could have asserted any action based upon the rusted condition until the caps rusted and destroyed the product. That condition did not arise until a year after the sale. Plaintiff alleged that the facts upon which it sued were not only previously unknown, but were undiscoverable. American Nat. Ins. Co. v. Hicks, supra; Sovereign Camp, W.O.W. v. Boden, 117 Tex. 229, 235, 1 S.W.2d 256, 258, 61 A.L.R. 682; Williamson v. Heath, 49 Tex.Civ.App. 254, 108 S.W. 983. Plaintiff filed its action within two years from the time the rust existed as a fact under the allegations of the petition. The Texas decisions are not precise with respect to the exact time that limitation begins to run against a breach of implied warranty. Some of them state that limitation begins at the time the breach is discovered or should have been discovered. Others state that it begins at the time of injury or damage, though that time may be before the full extent of the injury or damage is known. All of the Texas cases which have been called to our attention, however, agree that the time of sale is not necessarily the controlling date. Smith v. Fairbanks, Morse & Co., supra, declared that a breach of an implied warranty about a pump "occurred when the pump was found to be insufficient * * *." Appellee argues that this is careless language. If it be, it has been carelessly stated more than once. In Cooper-Bessemer Corporation v. Shindler, Tex.Civ.App., 132 S.W.2d 450, it was the discovery of the breach of warranty which accrued the cause of action in the case of latent defects in cotton-gin machinery. In Bishop-Babcock-

Becker Co. of Texas v. Jennings, Tex.Civ. App., 245 S.W. 104, it was the discovery of a defect in a carbonator for use with a soda fountain which set limitations to moving. Accord, Cunningham v. Frontier Lumber Co., Tex.Civ.App., 245 S.W. 270.

In the majority of the jurisdictions, an implied warranty is breached at the time of sale, though the defect is unknown or unknowable. 54 C.J.S. Limitations of Actions § 138; 1 Williston on Sales (Rev. Ed.) § 212a. It does not necessarily follow, however, that the majority rule is supported by the better reason or that Texas should abandon the rule it has been following. In fact, it occurs to us that the Texas rule avoids the needless situation of a wronged person's loss of an action before he was injured, and before he learned or could have learned of the wrong. 2 Frumer and Friedman, Products Liability, § 40.01. Even those who follow the majority rule have devised an escape from its unjustness by creating an exception. See, Note, 75 A.L.R. 1086. That exception is that limitation will commence, not at the time of sale but at the time of the occurrence of a future event when the warranty is about a future event. This is called a prospective warranty. This exception has been applied in Texas in situations where there was no way to know of the breach until future facts came into existence. Smith v. Fairbanks, Morse & Co., supra; Cunningham v. Frontier Lumber Co., supra; Williamson v. Heath, 49 Tex.Civ.App. 254, 108 S.W. 983; accord, Poole v. Functional Construction Co., Cal.App., 7 Cal.Rptr. 391, 395; Aced v. Hobbs-Sesack Plumbing Co., 55 Cal.2d 573, 12 Cal.Rptr. 257, 360 P.2d 897; Southern California Enterprises v. D. N. & E. Walter & Co., 78 Cal.App.2d 750, 178 P.2d 785.

The postponement of the commencement of limitation until one discovers or should discover hidden or unknown facts is no stranger to the law. It is the principle applied to cases of fraudulent concealment of torts, Barnard v. Thompson, 138 Tex. 277, 158 S.W.2d 486, to actions for breach of

warranty on the transfer of a certificate for land, which was later learned to be forged, Ripley v. Withee, 27 Tex. 14, to actions for breach of a warranty on the transfer of a certificate for land which is later learned to be fraudulent, Anding v. Perkins, 29 Tex. 348, and to actions for the wrongful conversion by a bailee, Underwood v. Coolgrove, 59 Tex. 164. Underground pollution of fresh water is actionable at the time one discovers or should discover that fact. Gulf Oil Corporation v. Alexander, Tex. Civ.App., 291 S.W.2d 792. Additional analogies could be stated, but these demonstrate that under the law in other areas, blameless ignorance of facts essential to a suit excuses the filing of an action.

Appellee, S. Riekes & Sons, strongly relies upon Houston Water Works Co. v. Kennedy, 70 Tex. 233, 8 S.W. 36. Puretex, equally as strongly, relies upon the same case. This is understandable, because, as explained in Tennessee Gas Transmission Co. v. Fromme, 153 Tex. 352, 269 S.W.2d 336, 337, the Houston Water Works case states two distinct rules. That case concerned damages which developed long after defendant had tortiously severed an arch inside plaintiff's building. The court ruled that there "was an act wrongful towards the owner of the property, for which an action might have been maintained as soon as the tort was committed." The act of sawing the arch was a legal injury, however slight the damages, and limitations began to run from the time of the wrongful act. There was a direct invasion of another's property. 28 Tex.Jur., Limitation of Actions, § 66. This was one rule, and the one applicable to that case. The case then stated a second rule. "When an act is in itself lawful as to the person who bases an action on injuries subsequently accruing from, and consequent upon, the act, it is held that the cause of action does not accrue until the injury is sustained. * * *" Hence, when the wrongful act is done, limitation begins; when the act is itself lawful, limitation does not begin until an injury is sustained.

Courts have followed the first rule of Houston Water Works Co., when there is a direct invasion of rights. In Carrell v. Denton, 138 Tex. 145, 157 S.W.2d 878, a malpractice case, the injury occurred at the time a sponge was left in the plaintiff's body. The court treated that case as a direct invasion of plaintiff's rights though he was unaware of the presence of the sponge. But when the act is at first lawful and results in a subsequent injury, courts follow the second rule stated in the Houston Water Works case. In such later group of cases are those in which a dam is lawfully built on one person's land and water later encroaches upon the complainant's land. In such cases it is not the original construction but the injury which accrues the cause of action. Tennessee Gas Transmission Co. v. Fromme, supra. In another analogy, one man lawfully dug a ditch on his land and some time later this resulted in the loss of lateral support to his neighbor's land. The neighbor's action for damages accrued not at the time the ditch was dug, but when he later sustained injury. Simon v. Nance, 45 Tex.Civ.App. 480, 100 S.W. 1038. In the case of pollution of fresh water by the injection of salt water into the sub-surface, the one whose water was polluted did not even have a cause for complaint until he was injured, though the salt water had been injected into the sub-surface for more than two years before he was injured. Gulf Oil Corporation v. Alexander, Tex.Civ.App., 291 S.W.2d 792; 156 Tex. 455, 295 S.W.2d 901. Because it was lawful for a utility to perform certain pipe line operations on its own easement, though improperly done, limitation did not begin to run against a neighbor's action for damages to his buildings until his buildings were damaged some time later, by reason of the faulty work done by the utility. Houston Natural Gas Corporation v. Pearce, Tex.Civ.App., 311 S.W.2d 899; City of Houston v. Parr, Tex. Civ.App., 47 S.W. 393.

■ It is our opinion, therefore, that the rule in Texas is that limitation commences on a breach of implied warranty when the

buyer discovers or should discover the injury. We are convinced that the rule is followed in analogous situations and is supported by the better reasons. The judgment that this action was barred by limitations is therefore reversed and the cause remanded.