**Philip J. HOWARTH, Appellant,**

v.

**FIRST NATIONAL BANK OF AN-
CHORAGE, Appellee.**

**No. 2203.**

Supreme Court of Alaska.

June 30, 1976.

■■■■■■■■■■■■■■■

Stephen S. DeLisio of Merdes, Schaible, Staley & DeLisio, Anchorage, for appellant.

Roger Cremo, John Beard, Anchorage, for appellees.

## ORDER ON REHEARING

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

Rehearing having been granted in this case, and the court having considered the briefs and arguments of counsel,

IT IS HEREBY ORDERED that the previous opinion of this court dated September 24, 1975, is affirmed.

BURKE, J., not participating.

BOOCHEVER, C. J., and RABINOWITZ, J., dissent separately from this order.

BOOCHEVER, Chief Justice (dissenting).

In our original opinion, *Howarth v. First National Bank of Anchorage*, 540 P. 2d 486 (Alaska 1975), we held that Mr. Howarth was entitled to a full trial on his claim that an oral contract existed between the parties, and that summary judgment was not an appropriate means of disposing of that claim. I have no difficulty in finding that the pleadings and the memorandum in opposition to the summary judgment raised the issue of an oral contract in exchange for the assignment. The purpose of a summary judgment, however, is to test the pleadings, and I have been unable to find anything in Mr. Howarth's deposition which indicates the creation of an oral contract. Mr. Howarth's contention that a factual issue was presented as to the existence of an oral contract is based on that deposition. Since a deposition does not involve an observation of demeanor, we are in as good a position as the trial court to determine whether the testimony given in the deposition is sufficient to raise the issue of the existence of an oral contract.

My reading of the deposition is to the effect that Mr. Howarth depended upon the terms of the assignment and the interpretation given of that assignment by Mr. Linton. Thus he was asked whether Mr. Linton was interpreting the assignment for him or "was he saying then in addition to whatever the assignment does here, we'll agree to even more than the assignment . . . .." The answer was: "We went over this thing paragraph by paragraph and that is what Mr. Linton's interpretation was. . . . But it sure sounded good to me the way it was interpreted". He was asked:

Q But he didn't say to you something like, "Now on top of all these good things I've told you about on this assignment—on top of all that, the bank is going to make a further agreement or contract with you and it's going to do this, this or this for you. Did he go that far?

A No. If he had, I'd have wanted a good explanation of that too.

He was asked: "And anything the bank agreed to do was within the assignment as described by Mr. Linton, is that correct?". The answer was: "Yes. I would feel that way".

In answer to our request for additional briefing on this issue, counsel for Mr. Howarth has been unable to point to any portions of the deposition that raise the issue of an oral contract. Accordingly, I

would affirm the decision of the trial court granting summary judgment to the bank.[1]

RABINOWITZ, Justice.

I dissent. In my view, there was no evidence submitted by appellant in opposition to the Motion for Summary Judgment which would support a theory of oral contract. As to that theory, a grant of summary judgment was proper, and consequently the decision of the superior court should, to that extent, be affirmed. *Ransom v. Haner,* 362 P.2d 282 (Alaska 1961).

However, it is evident from the record in this case that appellant Howarth advanced an alternative theory of contractual liability, based upon the terms of the written assignment as they were understood by the parties. In my view there was sufficient evidence presented by Howarth to raise a genuine issue of material fact as to whether such a contract was created and, if so, whether it obligated the bank to obtain insurance protecting the property in question. Thus, appellant should be allowed to proceed on this theory in the superior court, since the statute of limitations does not bar such a theory.

---

1. We have previously held that if we find that a judge's decision pertaining to a summary judgment is correct, we will affirm regardless of whether the superior court judge advances a correct reason for the granting or denial of the motion. *Ransom v. Haner,* 362 P.2d 282, 285 (Alaska 1961).