**Ruth L. CARMAN, Appellant,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.**

**No. S–1594.**

Supreme Court of Alaska.

Jan. 8, 1988.

Rehearing Denied Jan. 28, 1988.

Charles D. Silvey, Schaible, Staley, DeLisio & Cook, Inc., Fairbanks, for appellant.

Marc D. Bond, Delaney, Wiles, Hayes, Reitman & Brubaker, Inc., Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, and COMPTON, JJ.

## OPINION

RABINOWITZ, Chief Justice.

Ruth Carman appeals from the superior court's grant of summary judgment in favor of Prudential Insurance Company. The superior court held that her action on a life insurance policy was barred by the statute of limitations. At issue is the time of commencement of the statute of limitations on a life insurance policy claim where the beneficiary relies upon the statutory presumption of death arising from the insured's disappearance. We hold that the applicable six-year statute of limitations commences to run at the end of the period required to give rise to the presumption of death. Because Mrs. Carman's suit was not commenced within this time, we affirm.

### I.

Prudential Insurance Company issued a life insurance policy to William Carman which named his wife Ruth as his beneficiary. William Carman disappeared while piloting an airplane on or about August 7, 1970. According to Ruth Carman's affidavit, she contacted Prudential agent Markham within a year of her husband's disappearance and was told that she could not make a claim against the policy for at least seven years. Further, Prudential agent Sherman, who had sold the policy to William Carman, averred in his affidavit that Mrs. Carman asked him to initiate a claim under the policy, which he did in 1970 or 1971. According to Sherman, Prudential responded with a letter indicating that Mrs. Carman could not file a claim until at least seven years after her husband's disappear-

ance, and "said nothing ... which would amount to a denial of coverage under the policy, but merely stated that the claim could not be presented until a later time."

On April 2, 1985, pursuant to Mrs. Carman's petition for adjudication of intestacy, the probate master entered amended findings of fact and conclusions of law, stating in part "[t]hat pursuant to A.S. 13.06.035 WILLIAM TERRY CARMAN is presumed to have died five years from the date of his disappearance on or about August 7, 1970"[1]

On April 17, 1985, Prudential received a letter from counsel for Mrs. Carman, making a claim on William Carman's life insurance policy. Prudential refused to pay the claim by letter to counsel for Mrs. Carman dated May 9, 1985. Mrs. Carman filed her civil action on August 7, 1985.

Prudential moved for summary judgment based upon the expiration of the statute of limitations. The superior court granted summary judgment in favor of Prudential, holding in essence that the six-year statute of limitations would have expired prior to the filing of the lawsuit even if the statute did not begin to run until the end of the seven-year period prior to which Prudential's agent allegedly informed Mrs. Carman that she could not make a claim.

II.

On a motion for summary judgment, the court is required to draw all reasonable inferences in favor of the non-moving party and against the movant. *Clabaugh v. Bottcher,* 545 P.2d 172, 175 n. 5 (Alaska 1976). A grant of summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Alaska R.Civ.P. 56(c).

■ We have not before been called upon to determine the date of accrual of a beneficiary's cause of action brought under a life insurance policy involving the disappearance of the insured where the beneficiary relies on a statutory presumption of death. However, from those jurisdictions which have been presented with this question emerges the virtually universal rule that the statute of limitations commences to run on the date that the presumptive death period expires.

The rule of law, as clearly established by the overwhelming weight of authority, is that no cause of action accrues until proof of death can be made, and that, where the fact of death of the insured person is established by presumptions arising from his unexplained absence, a suit commenced within the stipulated limitation period after the date when the presumption of his death arose, is in time.

*Sovereign Camp W.O.W. v. Boden,* 117 Tex. 229, 1 S.W.2d 256, 258 (1927). *See also Peak v. United States,* 353 U.S. 43, 45, 77 S.Ct. 613, 614, 1 L.Ed.2d 631, 634 (1957) (determining accrual of cause of action under National Service Life Insurance Policy where federal presumptive death period invoked); *Hefford v. Metropolitan Life Ins. Co.,* 173 Or. 353, 144 P.2d 695, 703 (1944); *New York Life Ins. Co. v. Nashville Trust Co.,* 178 Tenn. 437, 159 S.W.2d 81, 87 (1942); *Howard v. Equitable Life Assurance Soc'y,* 197 Wash. 230, 85 P.2d 253, 257 (1938) (citing authorities); Jalet, *Mysterious Disappearance: The Presumption of Death and the Administration of the Estates of Missing Persons or Absentees,* 54 Iowa L.Rev. 177, 195–96 (1968); 18A M. Rhodes, *Couch on Insurance* § 75:108, at 123 (2d rev.ed.1983).

We agree with these authorities. This rule ensures that an insurer may not take

---

1. AS 13.06.035, concerning proceedings initiated under the probate code, provides in relevant part:

    [A] person who is absent for a continuous period of five years, during which the person has not been heard from, and whose absence is not satisfactorily explained after diligent search or inquiry is presumed to be dead; the person's death is presumed to have occurred

    at the end of the period unless there is sufficient evidence for determining that death occurred earlier.

For purposes of the instant motion for summary judgment, Prudential conceded the applicability of the five-year period and the correctness of the master's finding that the presumed date of William Carman's death is August 7, 1975.

the inconsistent position of refusing to accept the date of the insured's disappearance as the date of death and denying the beneficiary's claim on the one hand, but nevertheless using that date as the date of death for purposes of the running of the statute of limitations. *See American Nat'l Ins. Co. v. Hicks,* 35 S.W.2d 128, 132 (Tex. App.1931); *Bonslett v. New York Life Ins. Co.,* 190 S.W. 870, 871–72 (Mo.1916). Moreover, the rule adequately preserves the general policies behind statutes of limitations—encouraging promptness in the prosecution of actions, granting repose, and assuring fresh evidence at trial, *see Haakanson v. Wakefield Seafoods,* 600 P.2d 1087, 1090 (Alaska 1979)—without unjustly depriving the beneficiary of a reasonable opportunity to bring his or her claim.

▪ Applied to the facts at hand, this rule allowed Mrs. Carman until August 7, 1981, to bring her action against Prudential. The statute of limitations for actions on contracts is six years. AS 09.10.050(1). The probate master concluded that Mr. Carman was presumed to have died on or about August 7, 1975, five years from the date of his disappearance. Thus, because Mrs. Carman did not file her complaint until April 8, 1985, the statute of limitations had run and her claim was untimely. No injustice results from enforcement of the limitations period here, particularly since Mrs. Carman has offered no excuse for waiting until 1985 to make her claim despite being informed by Prudential that she could do so in 1977.

Mrs. Carman asserts that the period of limitations did not begin until May 9, 1985, the date that Prudential denied her claim. She relies on several cases which hold that the statute of limitations does not begin to run until the insured suffers a loss and a

claim is denied. *See, e.g., Howarth v. First Nat'l Bank of Anchorage,* 540 P.2d 486, 491 (Alaska 1975), *aff'd on rehearing,* 551 P.2d 934 (1976); *Fireman's Fund Ins. Co. v. Sand Lake Lounge,* 514 P.2d 223, 227 (Alaska 1973). In *Howarth,* we held that the statute of limitations begins to run in insurance contract causes of action from the time the right of action accrues, which is when there is a loss and a refusal to pay. 540 P.2d at 491. In *Fireman's Fund,* we explained that the cause of action on an insurance contract did not accrue until the insurer notified the insured of its decision to deny coverage. 514 P.2d at 227. In line with the foregoing authorities, we hold that the applicable six-year statute of limitations period for actions on contracts begins to run on the date the presumptive death period expires. Using this date, and in accordance with the doctrine of presumed demand, we further conclude that it is reasonable to presume a demand for payment under the policy and an immediate rejection by the insurer on the date the presumptive death period expires.[2] Presuming a demand for payment and an immediate rejection of such demand is in harmony with our decisions in *Howarth* and *Fireman's Fund.*

▪ Given the fact that the beneficiary had the presumptive death period within which to prepare the demand, we think it reasonable to presume a demand and immediate refusal at the expiration of the presumptive death period rather than at the expiration of an additional six-year period.[3] Thus, in the context of presumptive death cases, the rule we adopt affords the beneficiary the period necessary to presumptively establish the death, plus an additional six years within which to institute an action on the insurance policy.[4]

2. *See* Annotation, *When Statute of Limitations Begins to Run Against Action on a Contract Which Contemplates an Actual Demand,* 159 A.L.R. 1021, 1025 (1945).

3. The rule we adopt herein as to the timing of a presumed demand and immediate rejection is limited to actions for breaches of life insurance contracts where death has been presumptively established.

4. Under the rule we adopt, Mrs. Carman is presumed to have made a demand, which is presumed to have been immediately refused, on the date the presumptive death period expired, August 7, 1975. The statute of limitations ran from this date. Since Mrs. Carman did not institute the present action until August 7, 1985, it was barred by the six-year statute of limitations.

Additionally, we have reviewed Mrs. Carman's arguments that the grant of summary judgment was erroneous because Prudential caused her to delay filing her claim and because Prudential failed to prove that the policy was not a sealed instrument governed by the ten-year limitations period of AS 09.10.040.[5] We conclude that these claims are without merit.

AFFIRMED.

MOORE, J., not participating.

MATTHEWS, Justice, dissenting.

I agree that the statute of limitations does not begin to run prior to the expiration of the presumptive death period. This prevents insurance companies from taking the inconsistent position of refusing to honor a claim because the date of disappearance is not the date of death, but using the date of disappearance as the date of death to begin the statute of limitations. *See American Nat'l Ins. Co. v. Hicks*, 35 S.W. 2d 128, 132–33 (Tex.Comm.App.1931). I do not agree, however, that the statute of limitations automatically begins to run on the date that the presumptive death period expires. That date merely fixes the date of death of the insured.

Suffering an insured loss does not begin the statute of limitations. What is required is a loss, and a demand for performance which is refused. *See Howarth v. First Nat'l Bank of Anchorage*, 540 P.2d 486, 490–91 (Alaska 1975), *aff'd*, 551 P.2d 934 (Alaska 1976); *Fireman's Fund Ins. Co. v. Sand Lake Lounge, Inc.*, 514 P.2d 223, 227 (Alaska 1973). "Ordinarily, a cause of action accrues in favor of a beneficiary of a life insurance policy upon the happening of the death of the insured *and notice to the company accompanied by a demand for payment*." Jalet, *Mysterious Disappearance: The Presumption of Death and the Administration of the Estates of Missing Persons or Absentees*, 54 Iowa L.Rev. 177, 195 (1968) (emphasis added).

What the majority opinion has done in this case is to eliminate the demand requirement in presumptive death cases. Under the majority's rule, the statute of limitations automatically begins to run on the day that death is presumed. The statute runs without any demand.

Under the doctrine of presumed demand, "a demand will be presumed at the expiration of the reasonable period within which it should have been made, which is ordinarily the period of the statute of limitations." *Gossard v. Gossard*, 149 F.2d 111, 112–13 (10th Cir.1945).

> The maximum reasonable time for making the demand, which is a condition precedent to the cause of action, is generally held to be the number of years specified by the statute for bringing suit, and if no actual demand is made within the period of the statute of limitations, it will be presumed to have been made at the expiration of the statutory period, thus starting the running of the statutory time.

*Barer v. Goldberg*, 20 Wash.App. 472, 582 P.2d 868, 871 (1978); *see also* 51 Am.Jur.2d *Limitation of Actions* § 128, at 697–98 (1970); Annotation, *When Statute of Limitations Begins to Run Against Action on a Contract Which Contemplates an Actual Demand*, 159 A.L.R. 1021, 1025 (1945). If a late demand is made, the statute is nonetheless regarded as having commenced to run as of the time of the presumed demand. 51 Am.Jur.2d *Limitation of Actions* § 128, at 698 (1970).

I would adopt this approach. Thus, the rule of law which I believe should govern this case would provide that the statute of limitations begins to run on the date that the beneficiary's demand for payment is refused. If no demand is made within the six-year limitations period beginning at the date of presumed death, the demand would be presumed to have been made, and refused, at the expiration of that period. Such a proviso is necessary so that the

---

**5.** Carman argues that since the statute of limitations is an affirmative defense, Prudential has the burden of proving the elements thereof. She argues that Prudential failed to prove that the policy was not a sealed instrument because neither party now has a copy of the actual policy.

beneficiary cannot indefinitely postpone the running of the statute of limitations.[1]

The rule which I would adopt is to be preferred to that which the majority has adopted for three reasons.

First, it is consistent with the rule which should be applied in insurance cases not involving presumed death as to the date when the statute of limitations should begin to run when no demand is made.

Second, it allows for and recognizes the efficacy of actual demands made within six years after the date of presumed death. As such, it is consistent with the actual demand rule of *Fireman's Fund* and *Howarth* while the rule adopted by the majority is not.

Third, one may reasonably say that the majority's rule is too short when measured by the general rule that the six-year period begins from the refusal of a demand, while the rule which I would accept is too long. The author of the Annotation, *When Statute of Limitations Begins to Run Against Action on a Contract Which Contemplates an Actual Demand*, 159 A.L.R. 1021, 1025 (1945) says just that: "Both rules dispense with actual demand. The one shrinks the contract; the other expands it; by both it is overthrown." However, there seems to be no middle ground which commends itself. In such a case, the longer period is to be preferred. "Where two constructions as to the limitations period are possible, the courts prefer the one which gives the longer period in which to prosecute the action." *Safeco Ins. Co. v. Honeywell, Inc.*, 639 P.2d 996, 1001 (Alaska 1981).

Applying this doctrine of presumed demand to this case, Mrs. Carman would be presumed to have made a demand at the expiration of the six-year limitations period which began when death was presumed, August 7, 1975. Thus, the date of the presumed demand would be August 7, 1981. That demand would be deemed immediately refused and the statute of limitations would begin to run from August 7,

1981. Since the present action was brought on August 7, 1985, it would not be barred.

---

1. The rule which we have adopted in *Howarth* and *Fireman's Fund,* that the statute of limitations does not begin to run until there has been a denial of the insured's demand, requires some such terminating proviso for the same reason.