TURNBOW et al. v. RICHARDSON et al.

No. 14120.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 21, 1941.

Rehearing Denied April 4, 1941.

Gerald C. Mann, Atty. Gen., and R. E. Kepke and James Noel, Asst. Attys. Gen., for appellant State.

Edwin M. Fulton, of Gilmer, Hendricks Brown and Mike E. Powell, both of Fort Worth, and Trueheart, McMillan & Russell, of San Antonio, for appellant Turnbow.

Florence & Florence, of Gilmer, for appellees.

McDONALD, Chief Justice.

This is a suit in the form of trespass to try title, brought by S. E. Richardson and others against W. C. Turnbow, in which the State of Texas intervened as a party defendant. It is one of the four suits mentioned in W. C. Turnbow et al. v. J. F. Bland et al., 149 S.W.2d 604, on this day decided by us.

Except for the questions relating to the right of S. E. Richardson to maintain this suit, the controlling facts are the same as those in the Bland case, and the issues are the same. What we said in that case is decisive of this case, except as to the matters hereinafter referred to.

Appellants contend that S. E. Richardson failed to prove title in herself sufficient to authorize her to maintain this suit, charging particularly that she failed to prove that she was married to J. D. Richardson, her deceased husband, at the time the land was deeded to him in 1901. Without detailing the evidence, we think it is entirely sufficient to prove such fact; and even if it were not, she would be entitled to maintain the suit as against a trespasser on two other grounds: First, even if the land had been the separate property of her deceased husband, she would have had an interest in the land by inheritance; and second, she was in actual possession of the land as her homestead. A tenant in common may maintain an action to recover the whole of the land from one having no title. Taylor v. Higgins Oil & Fuel Co., Tex.Civ.App., 2 S.W.2d 288, and cases cited therein. What we said in the Bland case relative to the rights of those in possession to maintain suit in that case is applicable here.

All assignments of error are overruled.

The judgment of the trial court is affirmed.

On Motion for Rehearing.

Motion for rehearing overruled per conclusions filed in W. C. Turnbow et al. v. J. F. Bland et al., Tex.Civ.App., 149 S.W. 2d 604.