W. C. McDANIEL, Appellant,

v.

SAN PATRICIO MUNICIPAL WATER DISTRICT and Reynolds Metals Company, Appellees.

No. 12831.

Court of Civil Appeals of Texas.

San Antonio.

April 13, 1955.

Rehearing Denied May 11, 1955.

B. D. Tarlton, Corpus Christi, for appellant.

Keys, Russell, Keys, & Watson, Corpus Christi, William E. Nicholas, Sinton, for appellee.

NORVELL, Justice.

This is an appeal from a temporary injunction restraining appellant, W. C. McDaniel, from making and maintaining connections with the pipe line of Reynolds Metals Company and taking water therefrom.

Reynolds purchased certain water from the City of Corpus Christi and diverted the same by means of a pipe line for use in its manufacturing and processing plant. The company secured an easement from appellant, W. C. McDaniel, which contained the following contractual provision:

"Grantee (Reynolds) agrees to install, at the time of laying said line, one two-inch water tap on said line on Grantor's land. Grantee does not agree to sell water to Grantor from said tap unless and until Grantee sells water from such pipe line to residential users or to municipalities or water districts for resale to residential users, and then only subject to Grantee's contract for the purchaser of such water from the City of Corpus Christi. If water is sold to Grantor by Grantee,

as above provided, Grantee will sell water to Grantor for residential uses and for watering livestock only, and for use on Grantor's premises only. The rate to be charged for water sold from said tap shall be at the rate established, and from time to time revised or adjusted by Grantee or its successors and assigns for similar water service under comparable conditions."

Thereafter Reynolds made a written agreement with the San Patricio Municipal Water District whereby it sold and delivered its surplus waters to the district, which in turn distributed the same to ultimate users. McDaniel thereupon became entitled to water from the pipe line in accordance with the terms of his contract. The municipal district, as assignee of Reynolds, seems to have assumed that McDaniel, as a water user, became subject to its rules and regulations controlling the metering and use of the water and payment therefor. Disputes arose over McDaniel's securing water from the connection made to the pipe line for his benefit. Appellees contend that McDaniel removed a meter without authority. McDaniel, on the other hand, contends that the meter was broken and for that reason it was taken off the line and afterwards lost or misplaced. Another meter was installed but this too was removed by the district because of its claim that McDaniel had not paid his water bill. McDaniel thereupon made a direct connection with the line and this action caused appellees to file the present injunction suit.

A hearing was had upon the application for temporary injunction with the result above noted. The case was presented here without briefs, although at the time of hearing of oral argument and subsequent thereto, written arguments were filed. The sole question before us is whether or not the trial judge abused his discretion in granting the injunction to maintain the status quo until the case could

be disposed of upon its merits. City of Houston v. Southwestern Bell Tel. Co., Tex.Civ.App., 263 S.W.2d 169, wr.ref.

It is not the function of the temporary injunction to finally determine the rights of the parties and we are not here concerned with McDaniel's alleged delinquency in the payment of his water bills, except as it might affect the status quo sought to be protected by the temporary order. As Reynolds had commenced the sale of water to residential users or municipal organizations for resale to residential users, McDaniel, under his contract was entitled to a connection with the pipe line for the benefit of his land. There is no provision in the contract which authorizes Reynolds or its assignee to disconnect appellant's line upon non-payment of water charges. Of course, appellant should not interfere with the district's meter or other installations, but it appears that the second meter was taken out by the district at the time the line was shut down in an effort to force appellant to pay the water charges said to be owing.

While the allegations of the petition may have been sufficient to support a temporary injunction, the pertinent averments thereof were denied under oath by appellant, which left the burden of proof upon appellees. Crouch v. Crouch, Tex.Civ. App., 164 S.W.2d 35; 24 Tex.Jur. 181, § 135. Many of the appellees' allegations stand without support in the evidence and this is not surprising in that, except for written instruments, the testimony of McDaniel constitutes the only evidence disclosed by the statement of facts. It was not shown by evidence that appellant was interfering with appellees' rightful use of the easement nor that he was wilfully wasting water, nor that appellees' property was threatened with irreparable injury pending a trial of this cause upon the merits. Accordingly the temporary injunction is vacated.