**Albert Lee TAYLOR, Appellant,**

v.

**GULF OIL CORPORATION, Appellee.**

No. 6113.

Court of Civil Appeals of Texas.

Beaumont.

May 16, 1957.

Magus F. Smith, McAllen, W. H. Wren, Hamilton, for appellant.

Frank K. Dougharty, Liberty, William. C. Spence, Robert F. Carter and R. A. Corcoran, Houston, for appellee.

HIGHTOWER, Justice.

The petition for temporary injunction was filed in May of 1956. The hearing was had six months later in November, 1956. It is ancillary to a suit in trespass to try title between the same parties, and involves 13.2 acres of a 100-acre tract in Liberty County which is alleged to have been conveyed to the plaintiff, Gulf Oil Corporation, in 1915. The defendant claims title under the ten-year statute of limitation. The controversy arose over the plaintiff's attempt to cross a portion of one corner of the said 13.2 acres by burying thereon a salt-water discharge line from a well adjoining it. The line was to flow into a cavity well on other property of the plaintiff also adjoining the 13.2 acres. The order of the court, in full accord with the prayer for relief, reads:

"* * * restraining and enjoining the Defendant, Albert E. Taylor, his agents, servants and employees, from further pre-

venting the entry of Plaintiff, its agents, servants, employees, contractors and representatives upon said land for the purpose of laying said pipe line and making said survey, or preventing them from performing any act appropriate to ownership of same, and from further molesting them or threatening them with bodily harm if they attempt to do such acts upon said premises, or exercise full and complete enjoyment of all the rights and privileges of said ownership and rights to possession thereof * * *."

It is to be noted that the court's order almost had the effect of determining the merits of the parties' alleged titles to the disputed property; of disrupting the status quo of the parties, and depriving the defendant, under threat of contempt, of any use of the property whether consistent, or not, with the plaintiff's use of the pipe line.

The plaintiff's petition alleged, among other things, that they had been in possession under their title and that the defendant unlawfully entered upon and dispossessed it and withholds from it the possession thereof, etc., and on the hearing its complete chain of title from the sovereign was introduced. One, or more, of its agents testified of the defendant's obstructing, in October, 1955, the plaintiff's efforts to build a road across the 13.2 acres to a new well location of the plaintiff's adjoining the disputed property, the obstruction of the pipe line laying in May of 1956, and that the salt water sought to be diverted by the line, was then being hauled by vacuum trucks at the cost of $50 per day to the plaintiff. There was no showing of an inadequate remedy at law, irreparable injury, pressing necessity, or insolvency of the defendant, or that the defendant had unlawfully or fraudulently or forcibly ejected the plaintiff. The record shows it to have been in possession of much of the 100-acre tract under its deed, having drilled, and in the process of drilling, oil wells thereon. There is no evidence, however, that it was ever in actual possession of any portion of the 13.2 acres. On the other hand, it is undisputed

that the defendant, under his claim of limitation title, was in the last actual, peaceable, uncontested possession of the 13.2 acres.

Along with a proper plea of title under the ten-year limitation statute, the substance of the testimony for the defendant was that his father had first fenced the property in dispute with a hog-proof fence about 1924 or 1926, claiming it as his own and using it for grazing stock to the exclusion of anyone else up to the time of his death about four years prior to the injunction hearing; that this 13.2 acres was adjacent to the old homestead place of his parents where he and his mother still lived, and that such homestead tract had also, for about the same number of years, been under substantial fence; that during the past ten years no one other than the defendant and his father was known to run stock on the 13.2 acres; that the fence had been substantially down for the two years next preceding the hearing; that the defendant's father left no will, and that besides the widow abovementioned there are six surviving children; that the defendant and his brothers have used and claimed the land since their father's death. There appears to have been no necessity for an administration of the estate.

■ It may be well to here observe that whatever title the defendant's father may have acquired during his lifetime was cast by law upon his heirs upon proof of the facts which made the heirship. Slaton v. Singleton, 72 Tex. 209, 9 S.W. 876; Steele v. Caldwell, Tex.Civ.App., 158 S.W.2d 867, and that as a cotenant with the other heirs he was entitled, in the circumstances, to defend the possession of all regardless of the fact that he may have claimed, at most, an undivided 1/12th interest of the estate. Steddum v. Kirby Lumber Co., 110 Tex. 513, 221 S.W. 920; Cotenancy, Vol. 11, Tex.Jur., pages 499, 500.

Of the appellant's six points of error, we overrule those relating to appellee's failure to establish an adequate remedy at law,

irreparable injury, pressing necessity or the insolvency of the appellant, as it appears that these matters are of little, if any, consequence upon a hearing for a temporary injunction, other matters considered. We sustain those points, however, relating to the failure of the court to preserve the status quo of the parties pending trial of the merits and, in effect, transferring possession of the property to appellee.

First, we have determined that the following rules, as announced by the Supreme Court in Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, 552, are applicable as the facts here exist, Justice Calvert speaking:

(1) "In a hearing on an application for a temporary injunction the only question before the Court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. James v. E. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959, 960. [2] To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. Rosenfield v. Seifert, Tex.Civ.App., 270 S.W. 220, 223; Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778, 781; High on Injunctions, 4th Edition, Vol. 1, Sec. 5, p. 8. * * * [3] Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460, 462. [4] There is no abuse of discretion in the issuance of the writ if the petition alleges a cause of action and the evidence adduced tends to sustain it. Southwestern Greyhound Lines v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235."

▮ Justice Calvert, in Dallas General Drivers, Warehousemen and Helpers, v. Wamix, Inc., of Dallas, Tex., 295 S.W.2d 873, 879, also observed this fifth rule: (5) "A temporary injunction will be dissolved if it is based upon an erroneous application of the law to the facts. Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722."

The appellee has ably presented many seeming exceptions to the above rules, but a careful analysis discloses them to be inapplicable to the facts here. For instance, it relies heavily on the authority by this court of Davis v. Gillen, 227 S.W.2d 834, which in substance held that a naked trespasser was rightfully enjoined from cutting timber on property, the undisputed and admitted title being in the one obtaining the injunction. It simply preserved the status quo of the parties to prevent waste, until a hearing could be had on the merits. Similarly is the case of Nagy v. Bennett, supra, where the status quo was preserved against the defendant's attempt to fence property, the title to which was in dispute. It is also to be noted therein that the defendant plead a limitation title but offered no proof whatever in support of his allegations. Sumner v. Crawford, 91 Tex. 129, 41 S.W. 994, 995, merely preserved the status quo of the parties which was the right of a trustee to retain possession of personal property wrongfully obtained from his possession. Durham v. Houston Oil Co., Tex.Com.App., 222 S.W. 161, as does Davis v. Gillen, supra, holds injunction to be proper for an actual prior possessor, under a deed, as against a naked trespasser. Hartley v. Brady, Tex.Civ.App., 114 S.W.2d 406, as does a long unbroken line of authorities, simply holds, in keeping with the well-established principle, that one who has been forcibly or fraudulently deprived of possession to land may regain such possession by injunction. The effect of all such decisions is simply to preserve the last actual, peaceable, uncontested position of the parties. Mid-Texas Petroleum Co. v. Colcord, Tex.Civ.App., 235 S.W. 710, 713, (N.W.H.) determined that the appellants were entitled to injunction restraining appellees from using the surface for drilling

purposes, for they (the appellants) were already in undisputed possession of the surface, and we quote: "Such acts of possession alone are prima facie evidence of title sufficient to support appellants' action in the absence of adequate controverting proof, and this has not been furnished us." Here again we find no more than an injunction preserving the status quo.

There is a well-established line of authorities such as Jeff Chaison Town-Site Co. v. McFaddin, 56 Tex.Civ.App. 611, 121 S.W. 716, wherein the status quo appears to have been disturbed by injunction and wherein the doctrine of, "balancing the equities," or, "balancing the conveniences," has been the apparent reason for such disturbance, but a careful reading of this and similar decisions determines that the status quo was not actually disturbed; that the one holding the legal title to the land in dispute and being the one ordinarily entitled to the possession or use thereof, was properly enjoined from disturbing another's use or occupation thereof for the reason that he had either previously consented, or failed to object to such another's erection, maintenance or use of valuable improvements on the property. Under such circumstances, the courts have held that the last actual, peaceable and uncontested use of these erections, properties, or improvements was the status quo to be preserved, and in balancing the equities of the parties they determined that to disturb the status quo, prior to trial on the merits, would result in great harm to one of the parties, or members of the public, and inconsequential harm, if any, to the other.

Another line of authorities presented by appellee as justifying a disturbance of the status quo are found to be cases wherein a municipality is allowed to proceed by injunction in the improvement of property for street purposes, which property was being possessed and claimed adversely by others. The gist of these decisions is that inasmuch as the property had been indisputably dedicated to the City that the claimants could never, for any length of time, be held to have acquired title by limitation. Coombs v. City of Houston, Tex. Civ.App., 35 S.W.2d 1066. Needless to say such facts and law are not analogous to the case at bar.

Moreover, and without referring to the foregoing rules as announced by Justice Calvert, it appears to have always been held ˙erroneous, in like circumstances, to dispossess one by injunction, unless that one be a naked trespasser, or had forcibly or fraudulently dispossessed those seeking injunctive relief. James v. E. Weinstein & Sons, supra; Morgan v. Brannon, Tex. Civ.App., 95 S.W.2d 509 and cases there cited; Lewis v. Hoerster, Tex.Civ.App., 92 S.W.2d 537; Texas Pipe Line Co. v. Burton Drilling Co., Tex.Civ.App., 54 S.W.2d 190; City of Dallas v. Patti, Tex.Civ.App., 286 S.W.2d 664.

We are well aware of the latitude of the first section of Article 4642, Vernon's Ann.Civil Stats., to the effect that where it appears to the court that an applicant is entitled to the relief demanded and such relief, or any part thereof, requires the restraint of some act prejudicial to him an injunction may issue. We are not unmindful of the broad discretion reposed thereby in the trial court in determining whether or not the injunction should issue. Nevertheless, we are presented no authorities, and find none, to the effect that a trial judge could, without an abuse of discretion, issue a temporary injunction under this like state of facts. McDaniel v. San Patricio Municipal Water District and Reynolds Metals Co., Tex.Civ.App., 279 S.W.2d 697.

We conclude that the trial court applied inapplicable principles of law to the existing facts in determining a probable right in the appellee to disturb the status quo of the parties and the property in dispute thereby exceeding its discretion, and we accordingly order the injunction dissolved.