**Julian BERGER et al., Appellants,**

v.

**William BERGER, Appellee.**

**No. 17300.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 1, 1979.

Rehearing Denied March 29, 1979.

<span>547</span>

Prosperi & Huggins, Wm. O. Huggins, III, Houston, for appellants.

Karl C. Hoppess, Houston, Coulter Hoppess, Bryan, for appellee.

WALLACE, Justice.

This is an appeal from a summary judgment for defendant in the trial court. Also assigned as error is the order of the trial court in dismissing Julian Berger as next friend of Mike Berger and dismissing Mike Berger as plaintiff.

Appellants and appellee are all children of Mike Berger. They will be referred to as they were in the trial court. Julian Berger, John Berger and Cecilia Berger Yargo were plaintiffs and William Berger was defendant.

On August 28, 1971, Mike Berger conveyed to William Berger 137½ acres of land in Grimes County, Texas. Consideration was $10.00 and love and affection. On February 1, 1977, Plaintiffs individually and Julian Berger, as next friend of Mike Berger, filed suit in this Cause No. 22,542, to set aside the conveyance alleging, fraud, undue influence, no consideration and a constructive trust in favor of the plaintiffs. Mike Berger and William Berger filed separate answers and motions to dismiss. On March 29, 1977, Julian Berger filed an application for guardianship of Mike Berger in the County Court of Grimes County. This cause was transferred to the District Court under Cause No. 22,582. On July 5, 1977, the trial court heard Mike Berger's motion to dismiss. After hearing the evidence of both parties the court entered an order dismissing Julian Berger, as next friend of Mike Berger, and also dismissing Mike Berger as a plaintiff, specifically finding that Mike Berger was competent and did not need a next friend. On September 21, 1977, the guardianship matter, Cause No. 22,582, was heard on its merits before a jury, and Mike Berger was found to be competent. On April 2, 1978 the trial court heard defendants' motion for summary judgment and granted same.

Plaintiffs assign two points of error, the first as to the granting of the summary judgment and the second as to the granting of the Motion to dismiss. We will consider the order to dismiss first.

Plaintiff cites errors as follows: ". . . the record shows that Mike Berger needed to be represented in this case by a next friend." It is not clear to us just what plaintiffs intended by this point or error, but due to our liberal pleading rules we will treat this as a challenge to the legal sufficiency of the evidence.

In considering this point we must consider only evidence and inferences tending to support the trial court's finding and ignore all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

The only evidence presented at the hearing to dismiss the next friend was the testimony of Mike Berger. He testified that he knew what the suit was about and who his friends were; that he knew what his legal rights were. "I got enough knowledge and enough sense to take care of my business"; that he knew all the property that he owned; that he maintained an active checking account; and that he had a drivers license. On cross-examination he accurately described his ownership (life estate) size (35 acres) and legal survey of his homestead. He further testified that he knew a lawsuit had been filed to set aside the deed; that he knew what the lawsuit was about; that he did not authorize Julian Berger to bring suit on his behalf; that he knew the lawsuit was about his property; that he was able to identify his signature; that he read papers before he signed them; that

the motion to dismiss, "says I signed the papers to Mike Berger"; that the land he lived on was his homestead, that he owns and drives a pickup; that he buys his own groceries, and that he owns and plays a violin.

■ It is not necessary that one be non compos mentis to be represented by his next friend. It is enough that he is by reason of mental or bodily infirmity incapable of properly caring for his own interest and litigation. *McGinnis v. McGinnis*, 267 S.W.2d 432 (Tex.Civ.App.—San Antonio 1954, no writ); *Lindly v. Lindly*, 102 Tex. 135, 113 S.W. 750 (1908). We hold that the finding of the trial court that Mike Berger was competent and did not need a next friend has support in the evidence. (This finding was confirmed some 75 days later by a jury in Cause No. 22,582).

■ Inasmuch as Mike Berger was competent and did not need a next friend, did the plaintiffs have legal standing to maintain this suit? It is a fundamental rule of law that only the person whose primary legal right has been breached may seek redress for an injury. *American National Insurance Company v. Hicks*, 35 S.W.2d 128 (Com.App.1931, judgmt. adopted). The right to maintain an action depends upon the existence of what is termed a cause of action, which involves the combination of a right on the part of the plaintiffs and a violation of such right by the defendant. *American National Insurance Co. v. Hicks, supra.* It is a fundamental principal that no person may maintain an action in court unless it is shown that he has a justiciable interest in the subject matter of the litigation. *Hollar v. Jowers*, 310 S.W.2d 721 (Tex.Civ.App.—Eastland 1958, writ ref. n. r. e.). The children of a living grantor, merely because they are his children, have no justiciable interest in his property. Since Mike Berger is alive and competent, he is the only person who may bring an action to set aside the conveyance for fraud, undue influence or failure of consideration. This is because he is the only person whose legal right has allegedly been breached.

In the first point of error, plaintiffs complain of the trial court granting the motion for summary judgment, contending that fact issues existed. Since plaintiffs had no standing to complain of fraud, undue influence or failure of consideration, their contentions must succeed, if at all, on their pleading alleging a constructive trust. If there was a constructive trust, then Plaintiffs would have an interest in the land in question.

Defendants' motion for summary judgment had attached thereto the affidavit of Mike Berger which categorically denied any intention or action on his part to establish a constructive trust. The applicable portion of his affidavit stated: " . . . I executed said deed for the purpose of conveying fee title to said son William Berger. . . . That said conveyance to my son, William Berger, was made to him for his ownership and use solely, that I did not convey said property to him as trustee or for him to hold in his name for the benefit of my other children or any other person." Unless Plaintiffs filed a counter affidavit controverting this evidence, or there was contradictory evidence in the depositions, interrogatories or from other sources, or plaintiffs justified their inability to produce such evidence and sought appropriate relief under Rule 166–A, T.R.C.P., no fact issue remained. *Kuper v. Schmidt*, 161 Tex. 189, 338 S.W.2d 948 (1960). Plaintiffs' opposition to defendants' motion for summary judgment had attached thereto one affidavit, that of Plaintiff Julian Berger. The parts of that affidavit addressed to the constructive trust aspect of the suit was: "When I first became aware of the deed that my father, Mike Berger, gave to my brother, William Berger, conveying title to the 137½ acres of land in Grimes County, Texas, I questioned Mike Berger and was told by Mike Berger that his intention was for William Berger to "take care of the other children, including Julian Berger."

■ Mike Berger was no longer a party plaintiff and had never been a defendant in this cause. His testimony was thus hearsay as to the defendant. Affidavits consisting of mere conclusions of law or fact based

on hearsay and which do not affirmatively show that the affiant has personal knowledge of the facts therein stated, are insufficient to prevent the granting of a motion for summary judgment. *Spradely v. McCrackin*, 505 S.W.2d 955 (Tex.Civ.App.—Tyler 1974, ref. n. r. e.). Proof based on hearsay is not to be considered in determining whether to grant a motion for summary judgment. *Box v. Bates*, 346 S.W.2d 317 (Tex.1961). Defendants' motion for summary judgment, together with the attached affidavit, established that they were entitled to judgment. The burden then shifted to plaintiff to produce evidence which would raise a fact issue, or justify their inability to do so. *Bingham v. Gibson Products Co., Inc. of Odessa*, 464 S.W.2d 713 (Tex.Civ.App.—El Paso 1971, ref. n. r. e.); *Wampler v. Bill Sears Super Markets*, 452 S.W.2d 526 (Tex.Civ.App.—El Paso 1970, ref. n. r. e.). The only evidence offered by plaintiffs to controvert the affidavit attached to defendants' motion was clearly hearsay and thus of no probative effect.

The judgment of the trial court is affirmed.