Lauro Gutierrez VELA, A/N/F Dora
Vela De Gutierrez, an Incompetent
Person, Appellant,

v.

Romeo Gutierrez VELA and Celia
Garza Gutierrez, Appellees.

No. 04–87–00676–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 30, 1988.
Rehearing Denied Jan. 27, 1989.

Hector Leal, Jr., Laredo, for appellant.

C.M. Zaffirini, Laredo, for appellees.

Before ESQUIVEL, CANTU and DIAL *, JJ.

OPINION

ESQUIVEL, Justice.

This is an appeal from an order dismissing a suit brought by appellant, Lauro Gutierrez Vela, as next friend of his mother, Dora Vela Gutierrez, to cancel gift deeds to appellees, Romeo Gutierrez Vela and Celia Garza Gutierrez, and to seek the return of mineral royalties and bonuses. We affirm.

. Appellees filed a sworn motion to require appellant's attorney to show authority to prosecute the action. TEX.R.CIV.P. 12. The trial court appointed a psychiatrist to examine appellant's mother. The Rule 12 motion was granted by the trial court, and the court dismissed appellant's action.

Appellant raises three points of error:

---

\* Associate Justice Preston H. Dial, Jr., not participating.

## I.

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE APPELLEE'S RULE 12 MOTION WHEN APPELLANT ESTABLISHED HIS AUTHORITY TO PROSECUTE THE SUIT AS A MATTER OF LAW.

## II.

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE APPELLEE'S RULE 12 MOTION AGAINST THE GREAT WEIGHT AND PREPONDERANCE OF THE EVIDENCE.

## III.

THE TRIAL COURT ERRED IN IMPROPERLY INSTRUCTING THE PSYCHIATRIST AS TO THE STANDARD TO BE USED IN THE EXAMINATION OF DORA VELA GUTIERREZ.

Rule 12 states:

A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act.... At the hearing on the motion, the burden of proof shall be upon the challenged attorney to show sufficient authority to prosecute or defend the suit on behalf of the other party. Upon his failure to show such authority, the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears....

Appellant's attorney represented to the court that he was authorized to prosecute the action by Lauro Vela who was acting as his mother's next friend pursuant to TEX.R.CIV.P. 44.

The court-appointed psychiatrist, Dr. Homero Sanchez, did not testify at the October 16, 1987, hearing on the rule 12 motion. The record does not contain any written report by Dr. Sanchez. During the October 16th hearing, appellant and appellees relied on testimony given by Dr. Sanchez at a hearing before the court on October 6, 1987.

During the October 16th hearing, the following occurred:

MR. LEAL [appellant's attorney]: I also have the transcript of the doctor's testimony, which I would also like to present to the Court. I have marked the exhibits already that we want to introduce. At this time I'd offer into evidence what the Court has already heard. And I would simply ask the Court take judicial notice and recall the testimony of Dr. Sanchez.

THE COURT: All right. I'll take judicial notice of the excerpts of the testimony of Dr. Homero Sanchez before this Court October 6, 1987, with all the parties present.

MR. ZAFFIRINI [appellees' attorney]: Judge, we have no objection to Dr. Sanchez' testimony, but we want to make sure that the entire transcript of his testimony is admitted into evidence and not selected parts of it.

MR. LEAL: Well, I was going to select two portions of it and read them quickly into the record.

THE COURT: Well, but this includes the entire testimony he gave that day.

MR. LEAL: I'm offering only the portions that I'm about to read, Judge.

THE COURT: Well, under the Rule of Absolute Completeness, I'll take judicial notice of the whole thing. If you want to point something out, go ahead.

Appellant's attorney then read portions of Dr. Sanchez' testimony.

The trial court then stated, "There is just one problem with your theory, Mr. Leal. The lady understands what's going on and she doesn't want any help. She wants to give property to her son. She understands what she's doing." The court further observed, "The doctor testified that she had sufficient capacity to decide who she wanted to represent her. That she had capacity to hire accountants, lawyers and so forth."

Appellant has not included the October 6th testimony of Dr. Sanchez in the record. Appellant had the burden to see that a

sufficient record is presented to show error requiring reversal. TEX.R.APP.P. 50(d). We presume that Dr. Sanchez' testimony provided support for the trial court's decision on the Rule 12 motion such that the evidence was legally and factually sufficient. *Simon v. York Crane & Rigging Co., Inc.,* 739 S.W.2d 793 (Tex.1987); *Rowlett v. Colortek, Inc.,* 741 S.W.2d 206 (Tex. App.—Dallas 1987, writ denied).

Appellant's first two points of error are overruled.

■ Turning to appellant's third point of error, the trial court ordered Dr. Sanchez to examine Dora Vela Gutierrez and determine "whether she is mentally competent." Appellant contends that the language in the order is vague, ambiguous, and does not set out the proper standard to be applied by the examining physician.

Appellant relies on *Berger v. Berger,* 578 S.W.2d 547 (Tex.App.—Houston [1st Dist.] 1979, no writ), which stated, "It is not necessary that one be non compos mentis to be represented by his next friend. It is enough that he is by reason of mental or bodily infirmity incapable of caring for his own interest and litigation." *Id.* at 549.

Without Dr. Sanchez' testimony, we cannot conclude that the trial court's order was erroneous or, if erroneous, that the error amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case. TEX.R.APP.P. 50(d), 81(b)(1).

The third point of error is overruled.

The order of the trial court in dismissing the action is affirmed.