*Court Of Appeals*
*Fourth Court of Appeals District of Texas
San Antonio*

★ ★ ★



★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00476-CV

Jose I. **LOPEZ,**
Appellant

v.

Luis A. **MORALES**,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-03613
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:   Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed: August 25, 2010

REVERSED AND REMANDED

Appellant, Jose I. Lopez ("Lopez"), appeals from a judgment setting aside a deed based on a claim for fraud and failure of consideration. The claim was filed by the appellee, Luis A. Morales ("Morales"). Lopez brings seven issues on appeal. In his second issue, Lopez argues the trial court's judgment must be reversed because Morales, who was not a party to the deed, lacked standing to set aside the deed for fraud and failure of consideration. We reverse the judgment of the trial court and,

because Morales's petition included an alternative claim, remand the cause to the trial court for further proceedings.

## BACKGROUND

This case involves a tract of land near Elmendorf, Texas. On September 17, 1968, Santiago Morales Jr. signed a warranty deed conveying the tract to his nine children. One of the children named in the deed was Jose C. Morales, hereinafter "J.C." Another child named in the deed was Santiago Morales III.

Over the years, J.C. collected money from his siblings to pay the property taxes on the land. As time passed and some of J.C.'s siblings died, it became more difficult for J.C. to collect money to pay the property taxes on the land. Eventually, the property taxes were not paid and became delinquent. After the taxing authorities filed a delinquent tax suit, Lopez contacted J.C. about the land. On July 12, 2003, J.C. signed an amended special warranty deed conveying the land to Lopez. The deed, which purports to convey the entire tract to Lopez, was recorded in the county deed records.

In 2005, Morales, who is the now-deceased Santiago Morales III's grandson, first learned about the land and his interest in the land. About a year later, Morales learned about the July 12, 2003, deed in which J.C. purported to convey the entire tract to Lopez. On March 5, 2008, Morales filed the underlying suit against Lopez in the district court. In the suit, Morales asked that the July 12, 2003, deed from J.C. to Lopez be set aside for fraud and failure of consideration. J.C. was not a party to the suit.

In his first amended petition, Morales alleged he was one of the owners of the land because he is an heir of Santiago Morales III. The petition further alleged Lopez had an undivided one-ninth interest in the land based on a deed dated July 12, 2003. The petition asked the trial court to restrain and enjoin Lopez from making any further improvements on the land. The petition also sought a declaration that the July 12, 2003, deed from J.C. to Lopez was "null and void and of no force and effect because it was obtained through a fraudulent and coercive course of action by Jose I. Lopez." Alternatively, the petition sought a partition of the land.

At trial, J.C. and his wife, Henrietta, testified on Morales's behalf. They testified that in July 2003 Lopez came to J.C.'s house, and J.C. showed Lopez the land. They further testified that Lopez and J.C. met only once, and that J.C. signed the July 12, 2003, deed at this meeting; however, J.C., who was unable to read and write in English, did not know he was signing a deed. Henrietta, who was able to read and write in English and normally handled the couple's business matters, came home during this meeting and noticed a closed folder on her kitchen table with documents in it. When Henrietta asked to see what her husband had signed, Lopez refused to let her do so. According to the testimony provided by J.C. and Henrietta, Lopez paid no consideration for the deed. Instead, Lopez gave J.C. a $100.00 bill and told him to "take his wife for supper."

Lopez, who was the sole defense witness at trial, offered a different perspective on the circumstances surrounding the conveyance. According to Lopez's testimony, he and J.C. met a couple of times to discuss the land. They reached an agreement for Lopez to buy J.C.'s interest in the land, which was heavily burdened by delinquent taxes, and Lopez paid J.C. $300.00 for J.C.'s interest in the land.

After hearing all the evidence, the trial court set aside the July 12, 2003, deed from J.C. to Lopez, finding fraud and failure of consideration in the conveyance.[1] Lopez then filed this appeal.

### REQUEST TO DISMISS APPEAL FOR LACK OF JURISDICTION

As a preliminary matter, Morales contends this appeal should be dismissed because Lopez's notice of appeal was untimely. We disagree.

The judgment appealed from was signed on May 5, 2009. Because Lopez filed a timely motion for new trial, his notice of appeal was due on August 3, 2009, which was a Monday and not a holiday. *See* TEX. R. APP. P. 26.1(a)(1) (providing the notice of appeal must be filed within ninety days after the judgment is signed if any party timely files a motion for new trial). Nevertheless, Lopez filed his notice of appeal on August 4, 2009, one day late. A separate motion for extension of time to file a late notice of appeal was not filed with Lopez's notice of appeal. *See* TEX. R. APP. P. 26.3 (providing the appellate court may extend the time to file the notice of appeal when the notice of appeal and motion for extension of time are filed within fifteen days after the deadline for filing the notice of appeal). However, in accordance with well-established precedent, this court considered the notice of appeal as an implied motion for extension of time to file a late notice of appeal, and ordered Lopez to provide this court, in writing, a reasonable explanation for his late notice of appeal. *See Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (recognizing that because the notice of appeal was filed within the time the appellants could have moved to extend the filing deadline under Texas Rule of Appellate Procedure 26.3, the court of appeals could have considered the notice of

---

[1] Morales's alternative claim for partition was not tried.

appeal as an implied motion for an extension of time to file the notice of appeal); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (implying a motion for extension of time under former appellate rules). Lopez then provided this court a written explanation for his late notice of appeal, and we found his explanation—a miscalculation of the deadline to file the notice of appeal—to be reasonable. *See Dimotsis v. Lloyds*, 966 S.W.2d 657, 658 (Tex. App.—San Antonio 1998, no pet.) (holding explanation for late notice of appeal was reasonable when counsel erroneously calculated the perfection deadline due to a misunderstanding of the law). Thus, this court has jurisdiction over this appeal. We, therefore, deny Morales's request for a dismissal of this appeal for lack of jurisdiction.

## STANDING

In his second issue, Lopez argues that the trial court lacked subject matter jurisdiction over Morales's claim to set aside the deed because Morales had no standing to bring a claim for fraud and failure of consideration. We agree, and therefore, sustain Lopez's second issue.

The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a justiciable interest in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). In Texas, the standing doctrine requires that there be a real controversy between the parties that will be actually determined by the judicial declaration sought. *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex.1996). The determination of whether a plaintiff possesses standing to assert a particular claim depends on the facts pleaded and the cause of action asserted. *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 853 (Tex. App.—Fort Worth 2005, no pet.) (citing *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 707-08

(Tex.2001)). Without the breach of a legal right belonging to the plaintiff, no cause of action can accrue to his benefit. *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976); *Myer v. Cuevas*, 119 S.W.3d 830, 834 (Tex. App.—San Antonio 2003, no pet.).

Because standing is a component of subject matter jurisdiction, it cannot be waived and can be raised for the first time on appeal. *Nootsie*, 925 S.W.2d at 662; *City of Laredo v. R. Vela Exxon, Inc.*, 966 S.W.2d 673, 679 (Tex. App.—San Antonio 1998, pet. denied). When a Texas appellate court reviews the standing of a party for the first time on appeal, it must construe the petition in favor of the party, and if necessary, review the entire record to determine if any evidence supports standing. *City of Laredo*, 966 S.W.2d at 679.

A deed obtained by fraud is not absolutely void. *Nobles*, 533 S.W.2d at 927; *Deaton v. Rush*, 252 S.W. 1025, 1031 (1923). It is voidable and must be set aside in a judicial proceeding. *Nobles*, 533 S.W.2d at 927; *Deaton*, 252 S.W. at 1031. Thus, a deed is valid and represents prima facie evidence of ownership until there has been a successful suit to set it aside. *Nobles*, 533 S.W.2d at 926-27. In addition, an action for fraud is personal in nature. In other words, a suit to set aside a deed obtained by fraud can only be maintained by the defrauded party. *Id.* at 927; *Meiners v. Texas Osage Coop. Royalty Pool, Inc.*, 309 S.W.2d 898, 902 (Tex. Civ. App.—El Paso 1958, writ ref'd n.r.e.).

Moreover, a mere lack of consideration is generally not enough to void a deed. *Watson v. Tipton*, 274 S.W.3d 791, 801 (Tex. App.—Fort Worth 2009, pet. denied); *Uriarte v. Prieto*, 606 S.W.2d 22, 24 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). In addition to a lack of consideration, there must be fraud or undue influence in obtaining the deed. *Uriarte*, 606 S.W.2d at 24.

Here, the pleadings, viewed most favorably to Morales, do not allege that Morales was defrauded. Additionally, the evidence does not show that Morales was defrauded. To the contrary, the evidence shows the fraud, if any, was perpetrated on J.C., who was not a party to the underlying suit. Morales brought this suit in his individual capacity, not as J.C.'s next friend. Thus, Morales is not in a position to set aside the deed based on any fraud perpetrated against J.C. *See Nobles*, 533 S.W.2d at 927 (holding the plaintiffs lacked standing to set aside a deed for fraud when under their pleadings they were not the defrauded parties). "A party who was not defrauded by the conveyance has not suffered an invasion of a legal right and therefore does not have standing to bring suit based on that fraud." *Id*. Because the pleadings and the evidence do not show Morales was defrauded, we hold he lacks standing to set aside the deed for fraud and failure of consideration.

Morales, nevertheless, argues he has standing to object to the deed from J.C. to Lopez because the deed purports to convey the entire tract, rather than merely J.C.'s one-ninth interest. Morales argues that because he is a tenant in common, he can maintain an action to recover the whole of the land from someone having no title. He cites two cases to support his argument. *See Taylor v. Gulf Oil Corp.*, 303 S.W.2d 541, 542 (Tex. Civ. App.—Beaumont 1957, no writ); *Turnbow v. Richardson*, 149 S.W.2d 616, 616 (Tex. Civ. App.—Fort Worth 1941, writ dism'd). But these cases are not applicable here. The cotenants in the cited cases did not seek to set aside conveyances to which they were not parties based on fraud and failure of consideration; rather, the cotenants brought trespass to try title actions to defend their ownership interest in the land. *Taylor*, 303 S.W.2d at 542; *Turnbow*, 149 S.W.2d at 616. Here, by contrast, Morales sought to set aside a deed based on a claim that could only have been brought by the grantor, J.C. *See Berger v. Berger*, 578 S.W.2d 547,

549 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ) (holding grantor who was alive and competent was the only person who could bring an action to set aside a conveyance for fraud, undue influence, or failure of consideration).

In addition, when J.C. executed the deed for the entire tract, it was only effective to convey his one-ninth interest in the land. *See Home Owners' Loan Corp. v. Cilley*, 125 S.W.2d 313, 316 (Tex. Civ. App.—Amarillo 1939, writ ref'd) ("the general rule is that one tenant in common cannot by his sole act sell or encumber more than his portion of the common property."). In fact, Morales's pleadings allege that based on the deed dated July 12, 2003, Lopez owned only an undivided one-ninth interest in the land.

Because Morales lacked standing to bring the underlying claim for fraud and failure of consideration, the trial court had no subject matter jurisdiction over this claim. We, therefore, reverse the trial court's judgment. Because Morales's petition included an alternative claim for partition that was not tried, we remand to the trial court for further proceedings.

### DISTRICT COURT'S JURISDICTION OVER PARTITION CLAIM

In his third issue, Lopez argues the statutory probate court has exclusive jurisdiction over Morales's partition claim, and therefore, the trial court lacks jurisdiction over this claim. The record before us indicates this issue has not been presented to the trial court. Because we are remanding this cause for further proceedings, the parties will have the opportunity to raise this issue in the trial court. Thus, this issue is not yet ripe for appellate review. *See Dominguez v. Gilbert*, 48 S.W.3d 789, 795 (Tex. App.—Austin 2001, no pet.) (concluding the issue of costs and fees was not ripe for

review in light of appellate court's disposition remanding for further proceedings). We, therefore, do not address Lopez's third issue.

## REMAINING ISSUES

In his remaining five issues, Lopez contends the judgment must be reversed because: (1) he was denied his right to a jury trial; (2) the fraud claim was barred by the statute of limitations; (3) Morales lacked capacity; (4) the evidence was legally insufficient; and (5) the evidence was factually insufficient. We need not address these issues, however, because they are unnecessary to the final disposition of this appeal. *See* TEX. R. APP. P. 47.1 (requiring appellate court opinions to be as brief as possible but to address every issue necessary to the final disposition of the appeal).

## CONCLUSION

We reverse the judgment of the trial court, and remand the cause to the trial court for further proceedings.

Karen Angelini, Justice